WING MEMORIAL HOSPITAL vs. DEPARTMENT OF
PUBLIC HEALTH.

Hampden.  April 22, 1980. — October 3, 1980.

Present: GREANEY, PERRETTA, & KASS, JJ.

*Statute,* Construction.  *Health Care Facility.  Department of Public
Health,* Determination of need.

A hospital's establishment and maintenance of two satellite health clinics
on premises separate and apart from the hospital, without having first
obtained from the Department of Public Health a determination of
need and licenses for them or a modification of the hospital's license to
include the clinics, was in violation of G. L. c. 111, § 25C and § 51,
and the Department's regulations promulgated pursuant to c. 111,
§ 25F.  [594-596]

CIVIL ACTION commenced in the Superior Court on
November 14, 1977.

The case was heard by *Simons, J.,* on a motion for judg-
ment on the pleadings.

*Samuel A. Marsella* for the plaintiff.

*Thomas Miller,* Assistant Attorney General, for the de-
fendant.

PERRETTA, J.  The plaintiff appeals from a judgment
entered on the pleadings, Mass.R.Civ.P. 12(c), 365 Mass.
756 (1974), declaring under G. L. c. 231A that its establish-
ment and maintenance of two satellite health clinics
without having first obtained from the defendant (Depart-
ment) a "determination of need" (DON) and licenses for
them, or a modification of the plaintiff's license to include
the clinics, is in violation of G. L. c. 111, § 25C, as amended
through St. 1977, c. 945, §§ 3, 4, and G. L. c. 111, § 51, as
amended by St. 1977, c. 868, § 1, and the Department's
regulations promulgated pursuant to G. L. c. 111, § 25F, as
amended by St. 1977, c. 945, § 5.  We affirm the judgment.

Section 51 provides that an original license to establish or maintain a hospital or clinic shall not be issued "unless there is determination by the department that there is need for such a facility at the designated location," that such a license shall have a term of two years, and that it may be renewed "for like terms." An original license is "a license issued to a hospital . . . or clinic, not previously licensed; or a license issued to an existing hospital . . . or clinic, in which there has been a change in ownership or location." G. L. c. 111, § 52, as amended by St. 1979, c. 674, § 1. The plaintiff is licensed under § 51, and it is located in Palmer. The satellite clinics were established in Monson and Wilbraham. The plaintiff maintains that it was not necessary for either clinic to obtain a DON or a license under § 51 because the Legislature has expressly defined a "clinic" to exclude "a clinic conducted by a hospital licensed under section fifty-one." G. L. c. 111, § 52. It contends that because it runs the clinics, they have a statutorily permissible umbilical relationship with the mother hospital which allows them to exist on its license, thereby making individual licenses unnecessary. The definitional exclusion set out in § 52 must be read with § 51 "so that the enactment considered as a whole shall constitute a consistent and harmonious statutory provision capable of effectuating the presumed intention of the Legislature." *Bolster* v. *Commissioner of Corps. & Taxn.*, 319 Mass. 81, 84-85 (1946). See Sands, Sutherland Statutory Construction § 46.05, at 56-57 (4th ed. 1973).

Section 51 restricts the scope of a license issued to a hospital based upon a DON: "The license shall not be transferable and shall be issued only for the premises described in the application." Consistent with this restriction, the Department's promulgated definition of a "license" reads: "a permit from the Department . . . authorizing the maintenance of a health care facility by the person named therein and at the premises named therein." 105 Code Mass. Regs. 100.038 (1979).[1] We

---

[1] For convenience we refer to the current codification of the Department's pertinent regulations, which have remained unchanged in substance throughout the period here relevant.

read this limitation as requiring that a hospital-run clinic which is to be situated on premises separate and apart from the hospital must hold an individual license from the Department pursuant to § 51, or the parent hospital must obtain an amendment to its license to include the off-premises clinic. Our conclusion is not only in harmony with the clear language of § 51, it is supported by the Department's definition of a DON which is "the formal decision of the Department . . . relative to the need for the project proposed in an application." 105 Code Mass. Regs. 100.032 (1979). A project includes the "establishment of a . . . clinic, subject to determination of need under G. L. c. 111, § 51, 2nd par." 105 Code Mass. Regs. 100.043 (1979).

Further, the establishment of these clinics constitutes a substantial change in the plaintiff's services. Section 25C, as amended, precludes any health care facility from making a substantial change in services without a determination by the Department "that there is need therefor." This provision is inapplicable to "any change in services provided by a hospital to persons who are not admitted as inpatients, which does not involve a substantial capital expenditure." § 25B.[2] However, the plaintiff's clinics do not fall within this exclusion. A "substantial change in services" is "a change in kind, rather than degree, of service as further defined by the department." § 25B. The Department has defined substantial change in services, in relevant portion, to include "the establishment of a satellite clinic or unit of a facility" and to exclude any change in the ambulatory services rendered at the parent hospital. 105 Code Mass. Regs. 100.054 (A) (1) and (2) (1979).

These statutory and regulatory provisions prevent hospitals from bypassing the scrutiny of the Department when expanding their services through the establishment of off-premises clinics. The provisions are entirely consistent

---

[2] Statute 1977, c. 945, § 2, amended the definition of substantial capital expediture to be an amount in excess of one hundred and fifty thousand dollars.

with each other and with the legislative intention "[t]o pre-vent unnecessary expansion of health care facilities in the Commonwealth and encourage appropriate allocation of resources for health care purposes." *Commissioner of Pub. Health* v. *Bessie M. Burke Memorial Hosp.*, 366 Mass. 734, 735 (1975). See *Mercy Hosp.* v. *Rate Setting Commn.*, 381 Mass. 34, 39-40 (1980); *Brookline* v. *Medical Area Serv. Corp.*, 8 Mass. App. Ct. 243, 249-252 (1979). ("[T]he Leg-islature reacted to public concern over rising costs of health care by considering regulatory cost control techniques for large capital investments by hospitals and other health care institutions").

When the parties had completed their pleadings, all that remained for the judge to decide was whether the clinics could exist on the authority of the plaintiff's existing license or whether it was necessary for the plaintiff's clinics to ob-tain separate licenses based upon a DON for the clinics. The judge decided these questions of law adversely to the plain-tiff, and no material fact was in dispute.[3]  The case was properly disposed of by a motion under rule 12 (c).  See *Canter* v. *Planning Bd. of Westborough*, 7 Mass. App. Ct. 805, 808 (1979).  Moreover, the judgment stated with speci-ficity that the plaintiff's actions were in violation of §§ 25C and 51, and it declared the rights of the parties so that the controversy was resolved with finality.  See *Boston* v. *Mas-sachusetts Bay Transp. Authy.*, 373 Mass. 819, 829 (1977). Compare *Brookline* v. *Medical Area Serv. Corp.*, 8 Mass. App. Ct. at 259.

                                        *Judgment affirmed.*

---

[3] While the pleadings show a factual dispute as to whether the plaintiff did in fact seek an exemption from the DON and license requirements for the clinics, see 105 Code Mass. Regs. 100.308 (1979), the dispute is im-material to the controversy.  The plaintiff has never alleged that the De-partment granted the exemption prior to the establishment of the clinics; rather, it suggests that the application for an exemption gave the Depart-ment notice that the clinics would be established.  That is insufficient.