IDA L. CLARKE, administratrix, *vs.* METROPOLITAN DISTRICT COMMISSION.   February 27, 1981.   The plaintiff brought this action in the Superior Court to recover damages for the wrongful death of her son who drowned on July 18, 1977, in a swimming pool operated by the Metropolitan District Commission (MDC).   On motion of the defendant, the court below entered a judgment on the pleadings pursuant to Mass.R.Civ.P. 12(c), 365 Mass. 756 (1974), based on the immunity of subdivisions of the Commonwealth from tort liability prior to August 16, 1977.   The plaintiff appealed.   We conclude that the judge erred in allowing the defendant's motion.

The complaint alleged that the defendant, a political subdivision of the Commonwealth of Massachusetts, owned, operated and maintained the Melinea Cass Swimming Pool in the West Roxbury district of Boston, Massachusetts, for the use of which it charged an admission fee.

Both parties agree that the Massachusetts Tort Claims Act does not apply because the death occurred before the effective date of that statute. See G. L. c. 258, as amended by St. 1978, c. 512, § 15 (act applies to causes of action arising on or after August 16, 1977).   See also *Vaughan* v. *Commonwealth*, 377 Mass. 914, 915 (1979); and *Pruner* v. *Clerk of the Superior Court in the County of Norfolk*, 382 Mass. 309, 313 n.8 (1981). In her complaint, however, the plaintiff alleges facts placing her case within the common law exception to governmental tort immunity for acts committed pursuant to a proprietary, rather than a governmental, function.   *Bolster* v. *Lawrence*, 225 Mass. 387, 389-390 (1917).   *Whitney* v. *Worcester*, 373 Mass. 208, 214-215 (1977).   The fact that this exception has been most often pressed where the liability of a municipality is in question, rather than that of the Commonwealth, does not preclude the plaintiff from making her prima facie showing.   See *Morash & Sons* v. *Commonwealth*, 363 Mass. 612, 616 (1973).   A judgment on the pleadings under Mass.R.Civ.P. 12(c) is appropriate only where there are no material facts in dispute on the face of the pleadings.   *Wing Memorial Hosp.* v. *Department of Pub. Health*, 10 Mass. App. Ct. 593, 596 (1980).   Because the plaintiff is entitled to prove that the operation of the

swimming pool was a proprietary function, the judgment on the pleadings was error. See *Canter* v. *Planning Bd. of Westborough*, 7 Mass. App. Ct. 805, 808-809 (1979).

Certain facts referred to in the briefs and arguments may, indeed, support a motion for summary judgment by the defendant, but none of those facts appears in the record before us. See *Kipp* v. *Kueker*, 7 Mass. App. Ct. 206, 213 n.7 (1979).

*Judgment reversed.*

*Frank S. Ganak* for the plaintiff.
*James J. Caruso*, Assistant Attorney General, for the defendant.