The FOUNTAINHEAD GROUP, INC., Marimar Manufacturing Company, Inc., D.B. Smith & Company, Inc., and Blue Mountain Products, Inc., Plaintiffs,

v.

CONSUMER PRODUCT SAFETY COMMISSION; Nancy Harvey Steorts, as Chairman of the Consumer Product Safety Commission; Stuart M. Statler, R. David Pittle, Edith B. Sloan, Sam Zagoria, as Commissioners of the Consumer Product Safety Commission; and Todd A. Stevenson, as Freedom of Information Officer of the Consumer Product Safety Commission, Defendants.

Civ. A. No. 81–CV–1150.

United States District Court, N.D. New York.

Oct. 19, 1982.

Bond, Schoeneck & King, Syracuse, N.Y., for plaintiffs; David P. O'Hara, M. Catherine Richardson, Ronald C. Berger, Syracuse, N.Y., of counsel.

George H. Lowe, U.S. Atty., N.D.N.Y., Syracuse, N.Y., for defendants; Paula M. Ryan, Asst. U.S. Atty., Syracuse, N.Y., of counsel.

Margaret A. Freeston, Acting Gen. Counsel, Consumer Product Safety Com'n, Washington, D.C., for defendants; Alan H. Schoem, Asst. Gen. Counsel, Mana L. Jennings, Associate Gen. Counsel, Washington, D.C., Margot de Ferranti, Atty., Washington, D.C., of counsel.

ORDER

MUNSON, Chief Judge.

The parties, having applied for an order vacating the Memorandum-Decision and Order of this Court filed December 7, 1981, as clarified by the Order filed March 26, 1982, and substituting in its place an order consistent with the terms of a Stipulation entered into by Counsel to the respective parties, and the Court having read the Stipulation of the parties dated September 28, 1982,

NOW, THEREFORE, it is hereby

ORDERED, that the Memorandum-Decision and Order of this Court filed December 7, 1981, as clarified by the Order filed March 26, 1982, is vacated, 527 F.Supp. 294; and it is further

ORDERED, that in accordance with the Stipulation of the parties, defendants are hereby permanently enjoined from disclosing to any person, corporation, or other entity, any documents, material or information relating, directly or indirectly, to (a) the thickness of the bottom dimensions of the garden sprayers manufactured or privately labeled by plaintiffs, and (b) any customer complaints in the possession of the Consumer Product Safety Commission, until such time as the Commission has established final rules and regulations after an opportunity for public review and comment, setting forth procedures to be used and standards to be followed by the Commission in fulfilling its obligations under Section 6(b) of the Consumer Product Safety Act (15 U.S.C. § 2055(b)) and until the Commis-

sion has rendered a determination whether to release the documents and information relating to plaintiffs in accordance with the final rules and regulations.