19 Mass. App. Ct. 287 (1985)
474 N.E.2d 183
GENERAL CHEMICAL CORPORATION
vs.
DEPARTMENT OF ENVIRONMENTAL QUALITY ENGINEERING & others.[1]
Appeals Court of Massachusetts, Suffolk.
May 21, 1984.
January 31, 1985.
Present: ARMSTRONG, KASS, & WARNER, JJ.
Rowena H. Conkling (Joseph L. Cotter with her) for the plaintiff.
Donna E. Arzt, Assistant Attorney General, for the defendants.
ARMSTRONG, J.
General Chemical Corporation (General Chemical) appeals from a judgment in the Superior Court dismissing its complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. In its complaint, General Chemical sought judicial review of a determination by the Commissioner of Environmental Quality Engineering (department) that records submitted by General Chemical to the department may be disclosed under the Massachusetts public records law, G.L.c. 66, § 10.
General Chemical is a hazardous waste facility, as defined in G.L.c. 21C, and therefore its operations are regulated by the department. The department's regulations require General Chemical to submit monthly and annual reports on its activities. In accordance with G.L.c. 21C, § 12, General Chemical requested that these reports be kept confidential and not be disclosed under the public records law. When a newspaper reporter filed a request under that law to inspect the General Chemical monthly reports, the department informed General Chemical of the request and asked that it submit written arguments in support of its position that its reports contained trade secrets and thus were entitled to confidentiality under G.L.c. 21C, § 12. General Chemical did submit such arguments, and *289 it later met, informally, with representatives of the department to discuss the matter. The department subsequently issued an exhaustive written decision concluding that neither the monthly nor annual reports contained trade secrets and were thus subject to disclosure. General Chemical's effort to obtain judicial review of that decision met with the fate recounted above.
General Chemical bases its claim for confidentiality on G.L.c. 21C, § 12, inserted by St. 1979, c. 704, § 2, which states:
"Notwithstanding the provisions of any law to the contrary, any information, record, or particular part thereof, obtained by the department pursuant to the provisions of this chapter, shall, upon request, be kept confidential and not considered to be public record when it is deemed by the commissioner that such information, record, or report relates to secret processes, methods, of manufacture, or production or that such information, record, or report if made public would divulge a trade secret. This section shall not prevent disclosure of any information necessary for an enforcement action or to comply with [the Resource Conservation and Recovery Act of 1976, 42 U.S.C. § 6901 et seq. [1982)]."
General Laws c. 66, § 10(b), provides for both administrative and judicial review when the Commissioner declines to disclose submitted reports, but it contains no corresponding provision for review of the department's determination that reports are not confidential and shall be disclosed.
General Chemical contends that review is available under G.L.c. 30A, § 14, as appearing in St. 1973, c. 1114, § 3, which states that "any person ... aggrieved by a final decision of any agency in an adjudicatory proceeding ... shall be entitled to judicial review ..." The department is an "agency," as defined in G.L.c. 30A, § 1(2), and its determination that the monthly reports be disclosed is a "final decision," since no further agency review exists and disclosure follows as a matter of course under G.L.c. 66, § 10(b). See generally Boston Edison Co. v. Brookline Realty & Inv. Corp., 10 Mass. *290 App. Ct. 63, 65-67 (1980); Local 1111, Intl. Assn. of Firefighters v. Labor Relations Commn., 14 Mass. App. Ct. 236, 237-239 (1982). General Chemical, as a submitter of information which has been ordered disclosed, is an "aggrieved" person. Chrysler Corp. v. Brown, 441 U.S. 281, 317-318 (1979). See also Dodge v. Prudential Ins. Co. of America, 343 Mass. 375, 381 (1961). The critical question, then, is whether the department's determination of nonconfidentiality was "in an adjudicatory proceeding."[2]
General Laws c. 30A, § 1(1), inserted by St. 1954, c. 681, § 1, defines an adjudicatory proceeding as "a proceeding before an agency in which the legal rights, duties or privileges of specifically named persons are required by constitutional right or by any provision of the General Laws to be determined after opportunity for an agency hearing." The department's decision clearly determined "the legal rights ... of [a] specifically named person[ ]," namely, General Chemical. Contrast Reid v. Acting Commr. of Community Affairs, 362 Mass. 136, 141-142 (1972); Borden, Inc. v. Commissioner of Pub. Health, 388 Mass. 707, 717, appeal dismissed sub nom. C.P. Chem. Co. v. Commissioner of Public Health, 464 U.S. 923, cert. denied sub nom. Formaldehyde Inst., Inc. v. Frechette, 464 U.S. 936 (1983). Because the General Laws do not require the department to hold a hearing with regard to its G.L.c. 21C, § 12, determination, "[t]he question thus becomes whether [General Chemical] had a property interest [in the submitted reports] which would invoke the protection of the due process clause of the Fourteenth Amendment to the United States Constitution, and of art. 10 of the Declaration of Rights of the Massachusetts Constitution" School Comm. of Hatfield v. Board of Educ., 372 Mass. 513, 514-515 (1977).
*291 "Property interests `are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state laws  rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" Haverhill Manor, Inc. v. Commissioner of Pub. Welfare, 368 Mass. 15, 23, cert. denied, 423 U.S. 929 (1975), quoting from Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). Various laws of the Commonwealth protect a person's interest in trade secrets. For a summary of such statutes, see Jet Spray Cooler, Inc. v. Crampton, 377 Mass. 159, 166 n. 8 (1979). The common law of contract and of tort also protects trade secrets. J.T. Healy & Son v. James A. Murphy & Son, 357 Mass. 728 (1970). Jet Spray Cooler, Inc. v. Crampton, 361 Mass. 835 (1972), after remand, 377 Mass. 159, 165 (1979). Eastern Marble Prod. Corp. v. Roman Marble, Inc., 372 Mass. 835 (1977). The words "trade secret" are commonly thought to carry a connotation of a property interest. We may assume that the Legislature, in its regulation of hazardous waste industries, might prospectively deprive such industries of a property right in the confidentiality of certain classes of records, even though they contain matter previously regarded as trade secrets. Here, however, the Legislature has taken the contrary position by mandating, G.L.c. 21C, § 12, that the department not disclose submitted reports containing trade secrets.[3] Cf. G.L.c. 66, § 10(d). Reading that mandate in light of the extensive statutory *292 and common law protections accorded trade secrets, we think it is clear that firms such as General Chemical, which submit reports to the department in accordance with the department's hazardous waste regulations, have a property interest, recognized by State law, in whatever trade secrets may be contained in those monthly reports.
It follows that General Chemical was entitled under constitutional due process to "some form of hearing" prior to the Commissioner's determination under G.L.c. 21C, § 12. Regents of State Colleges v. Roth, 408 U.S. at 570 n. 8 (emphasis original). Konstantopoulos v. Whately, 384 Mass. 123, 132-133 (1981). Cf. Massachusetts Medical Serv. v. Commissioner of Ins., 344 Mass. 335, 339 (1962). Federal courts have arrived at the same conclusion with regard to disclosure of trade secrets under the Freedom of Information Act, 5 U.S.C. § 552 (1982). Chrysler Corp. v. Schlesinger, 412 F. Supp. 171, 178-179 (D.Del. 1976), vacated on other grounds, 565 F.2d 1172, 1193 (3d Cir.1977). vacated on other grounds sub. nom. Chrysler Corp. v. Brown, 441 U.S. 281 (1979), on remand, 611 F.2d 439 (3d Cir.1979). Metropolitan Life Ins. Co. v. Usery, 426 F. Supp. 150, 172 (D.D.C. 1976). Westinghouse Elec. Corp. v. Brown, 443 F. Supp. 1225, 1234-1235 *293 (E.D. Va. 1977). United Technologies Corp. v. Marshall, 464 F. Supp. 845, 855 (D.Conn. 1979).
If due process requires any type of hearing, G.L.c. 30A, § 1(1), mandates that the department conduct an "adjudicatory proceeding" in accordance with G.L.c. 30A, §§ 10, 11. Milligan v. Board of Registration of Pharmacy, 348 Mass. 491, 494-495, 499-500 (1965). Commonwealth v. Gordon, 354 Mass. 722, 725 (1968). Reid v. Acting Commr. of Community Affairs, 362 Mass. at 144. Borden, Inc. v. Commissioner of Pub. Health, 388 Mass. at 717-720. Consequently, the nature of the proceeding before the department was adjudicatory, and General Chemical is entitled to judicial review of the department's decision under G.L.c. 30A, § 14, which gives subject matter jurisdiction to the Superior Court. A complaint seeking such review, filed (as this complaint was) within the thirty-day period specified in § 14(1), states a claim upon which relief can be granted, and it was error to dismiss the complaint as against the department under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974). School Comm. of Franklin v. Commissioner of Educ., 17 Mass. App. Ct. 683, 692, further appellate review granted, 392 Mass. 1101 (1984). The cases of Brown v. Neelon, 335 Mass. 357 (1957), and Weinstein v. Chief of Police of Fall River, 344 Mass. 314 (1962), cited by the Commonwealth, were decided under the strict demurrer practice now superseded by the more flexible rule 12(b)(6). See Charbonnier v. Amico, 367 Mass. 146, 152-153 (1975); Nader v. Citron, 372 Mass. 96, 97-98 (1977); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
The complaint, however, fails to state a claim for relief as against the Supervisor of Public Records and the Public Records Division. The monthly reports are in the custody of the department (i.e., the Department of Environmental Quality Engineering), 950 Code Mass. Regs. 32.03 (1983), and the public records request was directed to it. When an agency, as in this case, determines that a record is to be disclosed, it makes disclosure directly to the person requesting it, G.L.c. 66, § 10(a), and thus the Supervisor of Public Records and the *294 Public Records Division perform no role.[4] For these reasons, the Supervisor of Public Records and the Public Records Division are to be dismissed as parties.
Since this court lacks the complete record upon which the department based its determination, we remand the case to the Superior Court for review under G.L.c. 30A, § 14. The department should file in the Superior Court the original or a certified copy of the record of the proceedings under review. G.L.c. 30A, § 14(4). If, as seems likely (in view of the fact that the department took the position that General Chemical was not entitled to an adjudicatory hearing), the record does not reflect an evidentiary basis[5] for the department's finding that the reports in question contain no trade secrets, it may well be necessary for the Superior Court to remand the case *295 to the department for the purpose of conducting an evidentiary hearing in accordance with the requirements of G.L.c. 30A, §§ 10 and 11.
The judgment is reversed. The order dismissing the complaint is affirmed so far as it relates to the Supervisor of Public Records and the Public Records Division, and is otherwise reversed. The case is remanded for further proceedings consistent with this opinion. The stipulation concerning nondisclosure is to remain in effect pending final judgment.
So ordered.
NOTES
[1] The Supervisor of Public Records and the Public Records Division. The "Public Records Division," although named as a party, does not appear to have legal status as an agency of the Commonwealth.
[2] The appellate record suggests that, in making its determination, the department did not conduct a hearing in accordance with G.L.c. 30A, §§ 10, 11. The department's decision states its view that General Chemical was not entitled to an adjudicatory proceeding. In these circumstances we cannot properly conclude that General Chemical waived its right to a hearing by failing at the administrative level expressly to demand it. See Kneeland Liquor, Inc. v. Alcoholic Beverages Control Commn., 345 Mass. 228, 234 (1962). Contrast Irving Coven Constr. & Realty, Inc. v. State Tax Commn., 5 Mass. App. Ct. 818, 819 (1977); Norway Cafe, Inc. v. Alcoholic Beverages Control Commn., 7 Mass. App. Ct. 37, 38-41 (1979).
[3] For another instance where the Legislature has mandated nondisclosure of submitted trade secrets, see G.L.c. 21, § 27(7), which mandates nondisclosure of reports containing trade secrets submitted to the Division of Water Pollution Control. See also G.L.c. 93A, § 6(5), and Matter of Civil Investigation Demand Addressed to Yankee Milk, Inc., 372 Mass. 353, 359-360 (1977). Contrast Mass.R.Civ.P. 26(c) (7), 365 Mass. 772 (1974), which, in the context of discovery in judicial proceedings, makes disclosure of trade secrets discretionary with the court. It has not been decided whether G.L.c. 4, § 7, Twenty-sixth (g), a trade secrets exemption in the public records law, makes nondisclosure mandatory or discretionary with the agency. See infra. For Federal statutes which mandate nondisclosure, see § 6 of the Consumer Product Safety Act, 15 U.S.C. § 2055(a)(2) (1982), interpreted in GTE Sylvania, Inc. v. Consumer Prod. Safety Commn., 598 F.2d 790, 802-808 (3d Cir.1979), aff'd, 447 U.S. 102 (1980), and Fountainhead Group, Inc. v. Consumer Prod. Safety Commn., 527 F. Supp. 294, 298-299 (N.D.N.Y. 1981), vacated on other grounds, 559 F. Supp. 17 (N.D.N.Y. 1982). See also Irons & Sears v. Dann, 606 F.2d 1215, 1220-1221 (D.C. Cir.1979), cert. denied, 444 U.S. 1075 (1980), interpreting § 122 of the Patent Act, 35 U.S.C. § 122 (1976); DeLaurentiis v. Haig, 686 F.2d 192, 193-194 (3d Cir.1982) (per curiam), interpreting § 222(f) of the Immigration and Nationality Act, 8 U.S.C. § 1202(f) (1976). If G.L.c. 21C, § 12, had instead stated only that such records "shall not be considered to be a public record" (see, e.g., G.L.c. 4, § 7, Twenty-sixth [g]), then it would have been necessary to determine "what rights a submitter of information to a governmental entity," may have to restrain disclosure of exempt information by that entity," a question expressly left open in Globe Newspaper Co. v. Boston Retirement Bd., 388 Mass. 427, 442 n. 24 (1983). Courts in some jurisdictions have held that exemptions to a public disclosure law provide agencies with discretion to disclose the exempt information. Chrysler Corp. v. Brown, 441 U.S. 281, 294 (1979). Southwestern Bell Tel. Co. v. Kansas Corp. Commn., 6 Kan. App.2d 444, 459 (1981). Tobin v. Civil Serv. Commn., 416 Mich. 661, 670-671 (1982). Short v. Nassau County Medical Center, 57 N.Y.2d 399, 404 (1982).
[4] It is also likely that they would perform no role when the department denies a public records request on the ground that the reports contain trade secrets. While a person may generally appeal an agency's denial of his public records request to the Supervisor of Public Records (G.L.c. 66, § 10[b]), G.L.c. 21C, § 12, mandates nondisclosure "when it is deemed by the commissioner that such [reports] ... if made public would divulge a trade secret" (emphasis added). Cf. G.L.c. 21, § 27(7). The supervisor would have no authority to order disclosure of records where the statute mandates nondisclosure. Instead, the requester may seek relief in the nature of mandamus in the Superior Court, which will conduct a de novo review of the determination that the reports contain trade secrets. G.L.c. 66, § 10(b), (c). See Bougas v. Chief of Police of Lexington, 371 Mass. 59 (1976); Hastings & Sons Publishing Co. v. City Treasurer of Lynn, 374 Mass. 812 (1978). It is not unprecedented that a person whose public records request is denied may obtain de novo judicial review, whereas a submitter may obtain only the limited judicial review available under G.L.c. 30A, § 14(7). A parallel situation generally exists in Federal practice under the Freedom of Information Act. National Organization for Women, Washington D.C. Chapter v. Social Security Admn., 736 F.2d 727, 735-737, 741-742 (Robinson, J., concurring), 744-747 (Mikva and McGowan, JJ., concurring) (D.C. Cir.1984). General Motors Corp. v. Marshall, 654 F.2d 294, 298-300 (4th Cir.1981).
[5] General Chemical has not sought reversal of the department's decision on the specific ground that the department committed procedural error by failing to conduct an evidentiary hearing. It does, however, dispute the department's findings of fact, which must be reviewed on a "substantial evidence" test. G.L.c. 30A, § 14(7)(e), as appearing in St. 1973, c. 1114, § 3. We do not know at this stage that the department did not have evidence in its record to support its findings of fact.