RONALD B. TANNER & another[1] *vs.* BOARD OF APPEALS OF BELMONT. No. 88-P-840. July 24, 1989. *Practice, Civil,* Judgment on the pleadings. *Zoning,* Constructive grant of relief.

On the critical issue of when the board of appeals had filed its decision with the town clerk, the pleadings were in conflict and it was error to allow the motion of the plaintiffs for judgment on the pleadings.

Ronald B. Tanner and Dorothy Tanner, the plaintiffs, applied for a special permit to operate a family day care home (the term is defined in G. L. c. 28A, § 9) in their residence at 198 Washington Street, Belmont. Under § 3.3 of the zoning by-law of Belmont, a special permit was required for a family day care home. Compare G. L. c. 40A, § 3, as amended by St. 1987, c. 191, which provides that a family day care home "shall be an allowable use unless a city or town prohibits or specifically regulates such use in its zoning ordinances or by-laws." There was a public hearing on the Tanners' application on November 2, 1987. Under G. L. c. 40A, § 9, prior to its amendment by St. 1987, c. 498, § 1, effective February 15, 1988, the Tanners were entitled to claim the constructive grant of the permit for which they had applied if the board had not, within ninety days following

---

[1] Dorothy Tanner.

the date of the hearing, i.e., by February 1, 1988 (the ninetieth day fell on a Sunday), taken "final action" upon the application. "Final action" occurs when the board files its decision with the town clerk. *Building Inspector of Attleboro* v. *Attleboro Landfill, Inc.* 384 Mass. 109, 110-112 (1981). *Elder Care Services, Inc.* v. *Zoning Board of Appeals of Hingham,* 17 Mass. App. Ct. 480, 481-482 (1984).

On January 25, 1988, two members of the board voted in favor of the Tanner application, two voted against, and the fifth member was absent. The application, thus, was defeated as it required four affirmative votes to grant a special permit. G. L. c. 40A, § 9. The four members of the board who voted signed a written memorandum of decision dated January 29, 1988. In their complaint, the Tanners allege that the decision was not filed with the town clerk until February 3, 1988, two days late and sufficient to trigger the constructive permit. In their answer, the board denied the late filing and alleged specifically that the filing with the town clerk was made January 29, 1988, at that time bearing the signatures of the two members who had voted in the negative and had, thus, defeated the application. A third member signed on February 1st, and the fourth on February 3d. The answer went on to state that an employee in the clerk's office had mistakenly date-stamped the decision as received on February 3d.

Acting entirely on "the face of the pleadings" and in response to the plaintiffs' motion under Mass.R.Civ.P. 12(c), 365 Mass. 756 (1974), a judge of the Superior Court ruled that a special permit had been constructively granted and entered judgment for the Tanners. Facially, if one may be forgiven the expression, the pleadings did not admit of this conclusion. The complaint said the decision had been filed late — on February 3d — and the answer said it had been filed timely — on January 29th. Judgment on the pleadings under rule 12(c) lies only when the text of the pleadings produces no dispute over material facts. *Clarke* v. *Metropolitan Dist. Commn.,* 11 Mass. App. Ct. 955 (1981). If the defendant pleads by denial or by affirmative defense so as to put in question a material allegation of the complaint, judgment on the pleadings is not appropriate. 5 Wright & Miller, Federal Practice & Procedure § 1368 (1969). Smith & Zobel, Rules Practice § 12.16 (1974). In considering a rule 12(c) motion, the moving party (here the plaintiffs) is deemed to have admitted as true the adversary's (here the board's) assertion of fact. *Minaya* v. *Massachusetts Credit Union Share Ins. Corp.,* 392 Mass. 904, 905 (1984).

It may be that the judge thought the revelation in the answer, that the fourth member of the board had not signed the decision until February 3d, was a concession on the face of the answer that the board's decision had been filed late with the town clerk. The statute, G. L. c. 40A, § 9, does not require that the detailed record of the board's proceedings be signed by the individual members of the board. The text of the board's decision memorialized the votes cast. Parenthetically, the two members who voted to deny the special permit signed, according to the answer, prior to the filing

of the decision on January 29th. Their negative votes, as we have seen, were sufficient to sink the Tanners' special permit request. The board's decision, as allegedly filed, constituted notice to all interested parties of the action taken by the board and provided a basis for any additional step that a party might wish to take.

The judgment is reversed and the case shall stand for further proceedings.

*So ordered.*

*Michael P. Duffy* for the defendant.
*John G. Neylon* for the plaintiffs.