Lemire, James R., J.
On Januajty 25, 2007, the plaintiff, Paula Geier (“Geier”), filed a nine-count complaint against her former employer, the Town of Barre, Massachusetts (“the Town”), and the Town’s health agent, Tim Callahan (“Callahan”) (collectively, “the defendants”). Geier alleges that the Town wrongfully terminated her in retaliation for an internal sexual harassment complaint that she filed. She further alleges that the Town negligently released her confidential personnel records to a news reporter while an appeal of her termination was pending. Additionally, she seeks damages from Callahan, as an individual and in his official capacity as a Town employee, for: (1) interference with Geier’s advantageous employment with the Town; (2) intentional infliction of emotional distress; (3) defamation; and (4) retaliation for filing a sexual harassment complaint. The matter is now before the court on Geier’s motion for partial judgment on the pleadings with respect to Count VI (negligent release of confidential personnel records) and the Town and Callahan’s cross motion to dismiss Count VI.
For the reasons set forth below. Geier’s motion for partial judgment on the pleadings is DENIED. The defendants’ motion to dismiss Count VI is ALLOWED.
BACKGROUND
On or around October 1,2004, Geier began working as an administrative secretary for the Town’s Board of Health (“BOH”), on a 24-hour-per-week schedule. Shortly thereafter, she also began working seven hours per week for the Town Administrator, Lorraine Leno (“Leno”), occasionally filling in during Leno’s scheduled absences.
On March 13, 2006, Geier filed with the Town a sexual harassment complaint against Callahan, specifically citing two offensive e-mails that she received from him between April and July 2005. The BOH placed Geier on paid administrative leave pending the outcome of the investigation, which Leno conducted. On March 30, 2006, Leno completed her investigation and found insufficient evidence to support Geier’s allegations of sexual harassment, concluding that Geier had deleted the alleged e-mails from her computer.
In April 2006, Geier was fired from her position as administrative assistant to Leno for reviewing a confidential file related to her sexual harassment complaint. On April 6, 2006, the BOH voted to terminate Geier’s paid administrative leave and her employment with the BOH.
Upon Geier’s request that the BOH reconsider her termination for lack of proper notice under the Open Meeting Law, the BOH agreed to void the original termination and hold a hearing to reconsider her case. After a two-day hearing, conducted on April 19, 2006, and May 3, 2006, the BOH voted on May 8, 2006, to once again terminate Geier’s employment.
In accordance with Town bylaws, Geier appealed her terminations from the BOH and Town Administrator’s office to the Town’s Personnel Board. Prior to the scheduled hearing on June 1, 2006, a reporter for the Worcester Telegram & Gazette, James Russell (“Russell”), asked Kurt Wells (“Wells”), the chairman of the Personnel Board, for copies of the documents that were distributed to the Personnel Board, which included Geier’s letters of discharge from the BOH and the Town Administrator’s office, as well as a letter of reprimand from Leno. Wells provided Russell with the requested documents.
During the Personnel Board hearing, the members voted to conduct an executive session. Russell, who was present, was asked to return his copies of the termination materials. Russell refused and left the meeting. On June 3, 2006, a news article containing information from Geier’s personnel files was published in the Worcester Telegram & Gazette.
Geier now moves for partial judgment on the pleadings with respect to Count VI of her amended complaint, alleging that the Town negligently maintained her personnel records in violation of G.L. chapters 66, §10; 4, §7(26); and 258, §2. The defendants oppose Geier’s motion, and have filed a cross motion seeking dismissal of Count VI.
DISCUSSION
1. Standard for Judgment on the Pleadings
A judgment on the pleadings is appropriate under Mass.R.Civ.P. 12(c) only where there are no material facts in dispute on the face of the pleadings. Clarke v. Metropolitan Dist. Comm’n, 11 Mass.App.Ct. 955, 955 (1981). If the defendant pleads by denial or by affirmative defense so as to put in question a material fact, judgment on the pleadings will not lie. Tanner v. Board of Appeals of Belmont, 27 Mass.App.Ct. 1181, 1182 (1989). Even where some facts are disputed, the court may still grant a motion for judgment on the pleadings if they are not material to the controversy. See Wing Mem’l Hosp. v. Department of Pub. Health, 10 Mass.App.Ct. 593, 596 n.3 (1980).
*123 2. Analysis of Geier’s Motion for Judgment on the Pleadings as to Count VI
The parties do not dispute the material facts underlying Geier’s allegations in Count VI. The central dispute concerns whether the Town’s voluntary disclosure of Geier’s personnel records, which are exempt from compulsory disclosure under the public records statute, entities Geier to recovery as a matter of law.
General Laws c. 66, §10, a public records statute modeled after the federal Freedom of Information Act, requires that a custodian make available for inspection and copying any public record upon request. General Laws c. 4, §7(26) defines “public records” and outlines fifteen categories of information that fall outside the definition. One category of information that does not qualify as public records is “personnel and medical files or information.” G.L.c. 4, §7(26) (c). As with the federal statute, the “dominant purpose of the law is to afford the public broad access to governmental records.” Globe Newspaper Co. v. Boston Ret. Bd., 388 Mass. 427, 436 (1983).
In Wakefield Teachers Assoc. v. School Comm. of Wakefield, the Supreme Judicial Court held that a disciplinary report resulting in a teacher’s four-week suspension was part of the teacher’s “personnel . . . file[ ] or information,” and, thus, was exempt from disclosure under the public records statute. 431 Mass. 792, 793 (2000). The Court added that the exemption for personnel files or information “includes, at a minimum, employment applications, employee work evaluations, disciplinary documentation, and promotion, demotion, or termination information pertaining to a particular employee.” Id. at 798. Geier’s letters of discharge and reprimand would certainly fall under this category of exemption as “disciplinary documentation” and “termination information.” See id.
Geier argues that, by disclosing personnel records that it was not legally required to disclose, the Town breached a duty to maintain the confidentiality of her records. The defendants counter that the public records statute provides a cause of action only for individuals seeking access to documents for inspection. They maintain, therefore, that Geier has no private right of action under G.L.c. 66 to challenge the disclosure of her personnel files.
In at least one case involving the Massachusetts public records statute, the Supreme Judicial Court proceeded on the assumption that a statutory exemption protecting agencies from compelled disclosure does not necessarily preclude a government entity from disclosing exempted records in its discretion. See Globe Newspaper Co., 388 Mass. at 442 n.24 (“We do not consider what rights a submitter of information to a governmental entity may have to restrain disclosure of exempt information by that entity . . . We have assumed that the exemptions are not mandatory, at least where the party protected by the exemption is a governmental entity”) (internal citations omitted).
Though the Supreme Judicial Court has not tackled the issue head-on, Geier urges this court to conclude that the Court’s more recent holding that personnel files are “absolutely” exempt from public records should be construed to mandate that the agency preserve the confidentiality of such personnel files. See Wakefield Teachers Ass’n, 431 Mass. at 802-03. Thus, the question is whether the Supreme Judicial Court’s declaration that personnel files are “absolutely exempt from disclosure,” id. at 799, means that such files are absolutely exempt from compelled disclosure by a public agency, or whether it means that they are absolutely exempt from any disclosure whatsoever, suggesting that the agency itself has no discretion to make the requested documents public, even if it would voluntarily do so.
In Wakefield Teachers Ass’n, the Court cites Boston Ret Bd. for its holding that “information falling with the ‘personnel or medical files’ category is absolutely exempt from disclosure.” 431 Mass. at 799, quoting Boston Ret. Bd., 388 Mass. at 434. However, in Boston Ret Bd., the Court had also stated “that medical and personnel files are absolutely exempt from mandatory disclosure.” 388 Mass. at 438 (emphasis supplied). This court will not attempt to surmise whether the Court’s omission of the word “mandatory” from its discussion in Wakefield Teachers Ass’n. signaled its intent to indirectly answer the question it left open in Boston Ret Bd. See id. at 442 n.24: see also Pottle v. School Comm. of Braintree, 395 Mass. 861, 862 n.3; (1985); General Chem. v. Dept. of Envt’l. Quality, 19 Mass.App.Ct. 287, 291 n.3 (1985). This court, therefore, declines the invitation to read Wakefield Teachers Ass’n. as implicitly recognizing a private right of action for Geier to recover damages for the Town’s discretionary disclosure of her personnel files.
To the extent that Geier’s private cause of action is actually a claim under the Fair Information Practices Act, G.L.c. 66A, which requires holders of private information to send notice to data subjects prior to releasing such information, those provisions do not apply to cities and towns. Spring v. Geriatric Auth. of Holyoke, 394 Mass. 274, 281 (1985); Worcester Tel. v. Chief of Police, 58 Mass.App.Ct. 1, 11 n. 11 (2003). Count VI is directed specifically at the Town, and, thus, chapter 66A is not applicable.
Finally, Geier cannot create a private right of action by bootstrapping her claims under the public records act to G.L.c. 258, also known as the Tort Claims Act. Chapter 258 does not create a new theory of liability for a municipality; it serves only to eliminate governmental immunity in certain cases where liability would otherwise exist. See Dinsky v. Framingham, 386 Mass. 801, 804-05 (1982). As G.L.c. 66 does not provide an independent basis for Geier’s negligence claim, the Tort Claims Act does not apply.
*124 As a matter of law, Geier has no right of action under the statutory provisions on which she bases her Count VI claims. Therefore, she is not entitled to judgment on the pleadings.
3. Standard for Motions to Dismiss
The Supreme Judicial Court recently revised the standard of review for motions to dismiss. In so doing, the Court adopted the standard set forth by the United States Supreme Court in Bell Atl Corp. v. Twombly, 127 S.Ct. 1955 (2007), which states: “While a complaint attacked by a . . . motion to dismiss does not need detailed factual allegations ... a plaintiffs obligation to provide the ‘grounds’ of his entitle[ment] to relief requires more than labels and conclusions . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . .” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp., 127 S.Ct. at 1964-65 (internal quotations omitted).
The Iannacchino standard, however, was adopted after the parties filed their pleadings. Under the standard in place when the pleadings were filed, a motion to dismiss should only be granted if “it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), abrogated by Iannacchino, 451 Mass. at 636.
4. Analysis of the Town and Callahan’s Cross Motion to Dismiss Count VI
For reasons explained more fully above, Count VI of Geier’s amended complaint fails to state a claim for negligence against the Town. This court does not express an opinion as to whether the Town’s conduct provides a basis for recovery on Geier’s other counts. The court holds only, as a matter of law, Geier is not entitled to relief under G.L. chapters 66, §10; 4, §7; and 258, §2. Accordingly, dismissal of Count VI is appropriate.
ORDER
For the foregoing reasons, it is hereby ORDERED that Geier’s motion for partial judgment on the pleadings as to Count VI is DENIED. The defendants’ cross-motion to dismiss Count VI is ALLOWED.