Drechsler, Thomas, J.
INTRODUCTION
This action arises out of the termination of the Plaintiff, Kenneth Littlefield’s (“Littlefield”) employment by his ex-employer, Adcole Corporation (“Adcole”). Littlefield alleges that Adcole and the individual defendants (collectively the “Defendants”) failed to compensate him for his accrued wages as well as his accrued vacation time on the date of his termination in violation of the Massachusetts Wage Act, G.L.c. 149, §148. Littlefield brought the Instant action seeking treble damages for lost wages as well as reasonable attorneys fees and costs pursuant to G.L.c. 149, §150, against the Defendants. The Defendants have moved for judgment on the pleadings pursuant to Mass.R.Civ.P. 12(c). For the reasons set forth below, the Defendants’ motion for judgment on the pleadings is ALLOWED.
BACKGROUND
The material facts in this case are uncomplicated and undisputed.[2] Between October 26, 1999 and November 12, 2014, Littlefield was employed by Adcole as Director of Human Resources. On August 27, 2014, Littlefield was informed that his employment at Adcole would be terminated, with the effective date to be determined. On October 23, 2014, Littlefield was informed that his termination date was slated for November 12, 2014.
At the time of his termination, Littlefield had accrued five hundred twenty-two (522) hours of unused vacation time, which he was to be paid for upon termination under Adcole company policy. Additionally, at the time of his termination on November 12, 2014, Littlefield was owed wages for pay periods of November 2, 2014 through November 8, 2014 and November 9, 2014 through November 15, 2014. The amount Littlefield was allegedly owed on his termination date was $30,090.27 in unused vacation, $1,844.61 for the pay period ending November 8, 2014, and $1,383.46 for the pay period ending November 12, 2014.
On November 10, 2014, Adcole processed a payroll check in the amount of $1,844.61 to Littlefield for the pay period ending November 8,2014, which was deposited in Littlefield’s account on November 13,2014. On November 17,2014, Adcole processed a payroll check in the amount of $1,844.61 to Littlefield for the pay period ending November 15, 2014, which was deposited in Littlefield’s account on November 20, 2014. On November 23, 2014, Adcole processed a payroll check in the amount of $30,090.27 as compensation for his accrued vacation time, which was deposited in Littlefield’s account on November 26,2014. The parties do not dispute that none of the above discussed payments were made on November 12, 2014 — the date of Littlefield’s termination.
On November 18, 2014 — in the midst of Adcole processing the payments owed to Littlefield — Littlefield filed a complaint with the Attorney General’s Office alleging a Wage Act violation by Adcole based on their failure to fully compensate him with all monies owed to him on the date of his termination.[3] Littlefield received a right to sue letter from the Attorney General’s Office on November 21,2014. Littlefield then filed the instant action in this Court on January 7, 2015, which action was served on the Defendants via acceptance of service on January 13, 1015. The parties do not dispute that Adcole paid Littlefield all monies owed to him by November 26, 2014 — approximately six weeks prior to the filing of the complaint in this Court, and approximately 5 weeks before the Defendants received notice of said complaint.
DISCUSSION
I. Standard of Review
The effect of a motion for judgment on the pleadings pursuant to Mass.R.Civ.P. 12(c) is to challenge the legal sufficiency of the complaint. Burlington v. District Attorney for N. Dist., 381 Mass. 717, 717 (1980). “A motion for judgment on the pleadings is actually a motion to dismiss that argues that the complaint fails to state a claim upon which relief can be granted. In considering such a motion, the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiffs favor, are to be taken as true.” Iannacchino v. Ford Motor Co., 451 Mass. 623, 625 at n.7 (2008) (internal citations, quotations, and modifications omitted). A motion for judgment on the pleadings may not be allowed where genuine issues of fact exist. Canter v. Planning Bd. of Westborough, 7 Mass.App.Ct. 805, 808 (1979). Thus, in considering a motion for judgment on the pleadings, the moving party is deemed to have admitted as true the nonmoving party’s assertions of fact. Tanner v. Board of Appeals, 27 Mass.App.Ct. 1181, 1182 (1989).
II. The Massachusetts Wage Act
General Laws c. 149, §148, provides that a terminated employee must be paid in full on the day of his or her termination. General Laws c. 149, §150, provides in pertinent part:
An employee claiming to be aggrieved by a violation of section! 1 • • • 148,. . . may, 90 days after the filing of a complaint with the attorney general, or sooner if the attorney general assents in writing, and within 3 years after the violation, institute and prosecute in his own name and on his own behalf... a civil action for ... any damages incurred, and for any lost wages and other benefits. An employee so aggrieved who prevails in such an action shall be awarded treble damages, as liquidated damages, for any lost wages and other benefits and shall also be awarded the costs of the litigation and reasonable attorneys fees.
G.L.c. 149, §150 (2008 ed.) (emphasis added). That statute goes on to provide that “[t]he defendant shall not set up as a defence [sic] a payment of wages after the bringing of the complaint.” Id.
Here, Littlefield argues that the damages provision found in G.L.c. 149, §150, entitles him to treble damages *708 on the approximately $30,000 that was not immediately paid to him on the date of his termination. Essentially, Littlefield contends that any violation of G.L.c. 149, §148, strictly and immediately triggers the treble damages provision of G.L.c. 149, §150, on any amount unpaid as of the date of termination despite Adcole having paid the entirety of what was owed prior to Littlefield filing the instant action. Littlefield is of the position that Adcole is thus barred from using the defense of payment in this case to absolve it from his claim to treble damages.
The Defendants, on the other hand, contend that because the full amount owed was paid prior to the filing of the complaint, the only amount to be trebled is the interest on the unpaid amount for the short period between termination and payment. Both parties agree that Littlefield is entitled to reasonable attorneys fees and costs.
While the authority on the issue in the Commonwealth is scant, the little that does exist is highly instructive under the factual scenario presented in this case.
Chief Justice Gants, then of the Superior Court, was faced with a nearly identical issue in Dobin v. CIOview Corp., 16 Mass. L. Rptr. 785 (Mass.Super. 2003). The Plaintiff (“Dobin”) in Dobin was terminated by her employer, and on the same day of her termination was given several checks which constituted her unpaid salary to that date. Id at 786. The checks were all backdated to two days after the termination date. Id. Later, on the same day of her termination, Dobin brought suit against her ex-employer for violation of the Wage Act arguing that the back-dated checks did not constitute payment on the date of her termination. Id
One issue before the Dobin court was whether, in issuing the checks on the date of Dobin’s termination, the employer had paid Dobin all she was due prior to her filing of the complaint later that same day. Id. at 788. The effect of such a scenario — belated payments made before the filing of a complaint — viewed in the light of G.L.c. 149, §150, was thoroughly analyzed by Justice Gants:
This Court understands the provision barring the defense of post-complaint payment to mean that an employer found in violation of the Wage Act is required to pay treble the amount of wages and benefits that had been unpaid at the time the complaint was brought; the employer may not reduce this amount by making payment after it learns of the complaint. The corollary to this interpretation is that an employer is not required to pay treble the lost wages and benefits if the wage and benefit payments were tardy but made before suit was brought.
Id. at 789. Thus, Justice Gants explained:
When wages and benefits are tardy but paid before the complaint was brought, the loss of wages and other benefits is simply the interest foregone from the delay in payment, which would be trebled under the Act. Under this interpretation, tardy pre-com-plaint payment may not classically constitute a defense to a Wage Act violation, but it would greatly mitigate the amount of damages.

Id

Although Dobin involved an earlier version of G.L.c. 149, §150, the difference between the “Dobin version” and the current version[4] has no bearing on the analysis in the instant case.[5] Indeed, the District Court for the District of Massachusetts spoke directly to the issue recently in Clermont v. Monster Worldwide, Inc., No. 14-14328 (D.Mass. Apr. 2015):
No doubt Dobin was decided when the statute vested judges with the discretion to decide whether to award treble damages. Subsequently, in 2008, the Legislature made trebling of lost wages and other benefits mandatory. Nonetheless, because the statute authorizes, albeit implicitly, a defense arising from a specific, tardy, wage payment made before the bringing of the complaint these wages, i.e. the tardy wages paid before the bringing of the complaint are not lost wages with the meaning of the remedy statute.
Id. at *9-10 (internal quotations and citations omitted). The District Court explicitly adopted the reasoning of Dobin, with respect to the effect of a belated but pre-complaint payment of wages. Id. at *9 (“In that circumstance, Dobin held that the loss of wages and other benefits is simply the interest foregone from the delay in payment, which would be trebled under the Act”) (internal quotations and citations omitted).
Here, just as in Dobin, the amounts due to Littlefield were paid late, yet before the filing of the complaint in this Court. As the only existing authority on the issue in the Commonwealth — while not controlling — Dobin is instructive and indeed persuasive. The minor factual distinctions between this case and Dobin do not change the Court’s opinion on the issue.[6]
Littlefield also argues that the filing of the complaint form with the Attorney General constitutes the “bringing of the complaint” as set forth in G.L.c. 149, §150. Littlefield cites no authority for this proposition. Both Dobin and Clermont addressed civil actions filed after the wages were paid in full. This Court finds that the “bringing of the complaint” refers to the commencement of a civil action. Moreover, both Dobin and Clermont reference the fact that the Defendants in those cases paid the full amount due prior to receiving notice of the filing of the complaint. Dobin, 16 Mass. L. Rptr. at 789 (“the employer may not reduce [the amount owed to the employee] by making payment after it learns of the complaint') (emphasis added); Clermont, No. 14-14328 at *9 (same) (quoting Dobin, 16 Mass. L. Rptr. at 789). This implies a need for notice to be provided to the Defendants, which is not achieved by simply filing a complaint form with the Attorney General without notice to the Defendants. Thus, regardless of which “complaint” is contemplated by the statute, the undisputed facts of this case are that the Defendants were not notified of any complaint until after the wages were paid in full.
*709 For all of these reasons, Littlefield is entitled only to what the plaintiff in Dobin was entitled: reasonable attorneys fees, litigation costs, and the forgone interest suffered as from the delay of payment of the monies owed him, trebled pursuant to G.L.c. 149, §150. Dobin, 16 Mass. L. Rptr. at 790.
ORDER
For the foregoing reasons, the Defendants’ motion for judgment on the pleadings is ALLOWED. If the parties cannot agree on the amount of attorneys fees, costs, or the amount of the forgone interest trebled, they may file a pleading with the Court under Rule 9A.

 AU facts are derived from the complaint and taken as true for the purposes of this decision. Furthermore, at the hearing the parties generally agreed as to the accuracy of the facts as set forth in the complaint and in their respective pleadings.

 The correspondence to the Attorney General was not served upon the Defendants.

 At the time of Dobin, the damages provision of the statute read “a civil action for . . . any damages incurred, including treble damages for any loss of wages and other benefits. An employee so aggrieved and who prevails in such an action shall be entitled to an award of the costs of the litigation and reasonable attorney fees.” G.L.c. 149, §150 (2002 ed.) (compare with G.L.c. 149, §150 (2008 ed.) as set out supra).

 At the motion hearing, both parties agreed that the difference between the language of the statute at the time Dobin was decided and the current language has no effect on the application of the damages provision in the instant case.

 That Dobin was actually handed postdated checks on the date of her termination and Littlefield received direct deposits in the days and weeks after is not dispositive on the issue. Both Littlefield and Dobin were paid all they were owed before they filed their respective complaints, which is the core issue in Dobin and in the instant case.