54 Mass. App. Ct. 297 (2002)                                    297

All Brands Container Recovery, Inc. *v.* Merrimack Valley Distributing Company, Inc.

ALL BRANDS CONTAINER RECOVERY, INC. *vs.* MERRIMACK
VALLEY DISTRIBUTING COMPANY, INC.

No. 99-P-1475.

Essex. November 14, 2001. - March 25, 2002.

Present: LAURENCE, SMITH, & KAFKER, JJ.

*Beverage Containers. Practice, Civil,* Standing, Motion to dismiss.

The "bottle bill," G. L. c. 94, §§ 321-327, does not contain an express or
implied private right of action, and therefore, the judge in a civil action
properly allowed a motion to dismiss the claim of a redemption center for
monetary and injunctive relief against a distributor who refused to pay the
refund value and handling fee for containers until the redemption center
made various certifications regarding the origin of the containers. [300-303]

CIVIL ACTION commenced in the Superior Court Department on
November 17, 1997.

A motion to dismiss was heard by *Nancy Merrick,* J.

*Michael H. Kelly* for the plaintiff.

*Bruce W. Edmands* for the defendant.

KAFKER, J. The issue presented is whether the "bottle bill,"
G. L. c. 94, §§ 321-327, provides a private right of action for a
redemption center, an entity created by the statute for the
purpose of collecting empty beverage containers from
consumers. The statute's enforcement provision states only that
the "attorney general and the district attorneys shall enforce the
provisions" of the statute. G. L. c. 94, § 327. The redemption
center here brought an action for injunctive and monetary relief
under the bottle bill against a distributor of containers who
refused to pay the refund value and handling fee for containers
until the redemption center made various certifications regard-
ing the origin of the containers. Concluding that the bottle bill
does not provide a private right of action, a judge of the Superior
Court allowed the distributor's motion to dismiss. We affirm.

1. *The bottle bill redemption process and the underlying dispute.* The objective of the bottle bill is to encourage the conservation of materials and energy, and to reduce litter, through the recycling and reuse of containers. To achieve this end, the statute provides a financial incentive, through deposits, refunds, and handling fees, to encourage the return of empty beverage containers.

The different entities involved in the process include bottlers, distributors, dealers, consumers and redemption centers. As defined by the statute, a "bottler" is "any person filling beverage containers for sale to distributors or dealers," a "distributor" is "any person who engages in the sale of beverages in beverage containers to dealers," a "dealer" is "any person . . . who engages in the sale of beverages in beverage containers to consumers," and a "consumer" is "any person who purchases a beverage in a beverage container for use or consumption with no intent to resell such beverage." G. L. c. 94, § 321. The regulations define a "redemption center" as "any person who owns and/or operates a facility for the purpose of accepting and redeeming containers from consumers . . . ." 301 Code Mass. Regs. § 4.02 (1993).

Under the bottle bill, every consumer deposits with the dealer the refund value of five cents per beverage container the consumer buys. G. L. c. 94, §§ 322, 323(*a*). When any person returns an empty beverage container to the dealer, that person receives the refund value in exchange. G. L. c. 94, § 323(*b*). When the dealer or redemption center returns empty beverage containers to the distributor, the dealer or redemption center is paid by the distributor the refund value, and also a handling fee, for each container. G. L. c. 94, § 323(*c*), (*e*). That handling fee is currently a minimum of 2.25 cents per container. 301 Code Mass. Regs. § 4.05(2), (4) (1993). When a bottler accepts empty containers from a distributor or dealer, the bottler will pay the distributor or dealer the refund value of the containers plus a handling fee for each container. G. L. c. 94, § 323(*d*).[1]

The plaintiff, All Brands Container Recovery, Inc. (All

---

[1]It appears usual for bottlers and distributors to incorporate the refund value into the sales price of full containers. See *Massachusetts Wholesalers of Malt Bevs., Inc.* v. *Attorney Gen.,* 409 Mass. 336, 341-342 (1991); *Massachusetts*

. Brands), is a redemption center located in Wakefield. It is engaged in the business of accepting from consumers and "other persons" within the Commonwealth beverage containers that have generated deposits as required by the statute. Although the "other persons" are not identified in the amended complaint, the record reveals that they are primarily hotels and restaurants.[2]

The defendant, Merrimack Valley Distributing Co., Inc. (Merrimack), is a distributor of beverages to dealers. General Laws c. 94, § 323(*e*), provides that "a distributor shall take from any redemption center any empty beverage container of the type, size and brand sold by the distributor within the past sixty days and shall pay the redemption center the refund value . . . plus [the] handling fee." All Brands claims it is entitled to compensation because it has tendered to Merrimack containers of the type, size and brand sold by Merrimack within the prior sixty days, that All Brands has collected from consumers and "other persons."

Merrimack contends that it has no obligation to accept the bottles and pay All Brands the refund value or handling fee without a certification that the containers were collected either from consumers or from dealers within Merrimack's franchise area. Although there is no such certification requirement in the statute or regulations, Merrimack argues that because redemption centers are defined in the regulations as persons "operat-[ing] a facility for the purpose of accepting and redeeming containers *from consumers*" (emphasis supplied), 301 Code Mass. Regs. § 4.02 (1993), when All Brands collects from persons who are not consumers, it is not acting as a redemption center but as a surrogate dealer. Because the statute only provides that "a distributor . . . shall pay the dealer the refund value of the beverage container plus a handling fee . . . if the empty beverage container is *presented at the time of and at the location at which the dealer obtains filled beverage containers from the distributor*" (emphasis supplied), G. L. c. 94, § 323(*c*), Merrimack contends that it has no obligation to accept or pay

---

*Wholesalers of Malt Bevs., Inc.* v. *Commonwealth*, 414 Mass. 411, 415 & n.8 (1993).

[2]The identity of the "other persons" is not material to the motion to dismiss. The information is provided only for background purposes.

for containers collected from dealers outside its service area. The certification requirement, it argues, ensures that Merrimack only pays for containers collected by a redemption center from consumers or from dealers that Merrimack services.

As a result of Merrimack's refusal to accept and pay for the containers All Brands has tendered, All Brands claims that it has lost income and revenues in excess of $800,000, has had to pay over $40,000 for storage of the containers, and has been forced to secure loans and execute notes of over $100,000. It also alleges it has been forced to cease, or at least suspend, its business operations.

Merrimack moved to dismiss All Brands's amended complaint on the ground that All Brands had no standing to bring claims under the bottle bill against Merrimack, as the bottle bill provides for no private right of action. As an alternative ground to dismiss the first count, Merrimack also argued that All Brands's claim for an injunction ordering Merrimack to accept and pay for the containers was moot, given All Brands's assertion in the amended complaint that it had ceased to operate its business. The Superior Court allowed Merrimack's motion.

2. *Legal analysis of the private right of action.* The bottle bill does not create an express private right of action. Contrast G. L. c. 21E, § 15 ("In any suit by Massachusetts residents to enforce . . . this chapter"); G. L. c. 21I, § 18 ("Massachusetts residents may participate in monitoring and enforcement procedures as follows"); G. L. c. 93, § 12 (persons injured by antitrust violations "may sue"); G. L. c. 93, § 14H ("Upon complaint of any person"); G. L. c. 110A, § 410(*a*)(2) (purchasers of securities "may sue either at law or in equity"). All Brands contends, however, that the statute contains an implied private right of action. For the reasons discussed below, we conclude that there is no implied private right of action under the bottle bill, and on that ground the motion to dismiss was properly allowed.

We begin our analysis by considering whether All Brands is one of the class for whose benefit the statute was enacted, or to put it otherwise, whether the statute creates a right in favor of the plaintiff distinct from the public at large. See *Cort* v. *Ash*, 422 U.S. 66, 78 (1975). See also *Gabriel* v. *Borowy*, 324 Mass.

231, 234 (1949); *Dinsky* v. *Framingham*, 386 Mass. 801, 809-810 (1982); *Ludlow Educ. Assn.* v. *Ludlow*, 31 Mass. App. Ct. 110, 118-120 (1991). To promote recycling and serve consumers, redemption centers are specifically authorized and encouraged by the statute to form and operate. G. L. c. 94, § 323(*e*); 301 Code Mass. Regs. § 4.05(4) (1993). They are also entitled to compensation for containers that they present to distributors. See G. L. c. 94, § 323(*e*). See also 301 Code Mass. Regs. § 4.05(4) (1993) ("Any amount due a redemption center shall be paid by the distributor within 15 days of receipt of empty beverage containers or by the fifth business day of the month following receipt of empty beverage containers"). A redemption center's right to compensation unquestionably extends to receiving payment for containers collected from consumers. Redemption centers returning such containers to distributors are also entitled to a less restrictive redemption process than are dealers. G. L. c. 94, § 323(*c*), (*e*). Unlike consumers, redemption centers are entitled to handling fees. G. L. c. 94, § 323(*b*), (*e*). In sum, the statute does provide redemption centers with distinct statutory rights.

We next consider whether there is any indication of legislative intent to create or deny a private right of action to enforce the rights discussed above. This is critical because, as the Supreme Judicial Court has stated, "we have generally been reluctant to infer a private cause of action from a statute in the absence of some indication from the Legislature supporting such an inference." *Loffredo* v. *Center for Addictive Behaviors*, 426 Mass. 541, 544 (1998). The text of the statute provides no hint of a private right of action. We are also "unable to find any indication in the legislative history . . . that the Legislature contemplated" such a right. *Id.* at 547.

Moreover, multiple public authorities have been tasked with enforcement. The bottle bill provides that both "the attorney general and district attorneys shall enforce the provisions" of the act, and violators shall be subject to a civil penalty for each violation of not more than one thousand dollars.[3] G. L. c. 94, § 327. In addition to enforcement by the offices of the Attorney

---

[3] In response to questioning at oral argument, counsel for All Brands stated that his client had approached the Attorney General's office to inform the At-

General and district attorneys, the bottle bill requires regulation by the Secretary of Environmental Affairs, the Alcoholic Beverage Control Commission, and the Commissioner of Revenue. G. L. c. 94, §§ 323(*g*), 326; 301 Code Mass. Regs. § 4.00 (1993); 204 Code Mass. Regs. § 3.00 (1993). "[W]here a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." *Loffredo* v. *Center for Addictive Behaviors*, 426 Mass. at 547, quoting from *Transamerica Mort. Advisors, Inc.* v. *Lewis*, 444 U.S. 11, 19 (1979). See *Local 1445, United Food & Commercial Wkrs. Union* v. *Police Chief of Natick*, 29 Mass. App. Ct. 554, 558 (1990) ("When . . . the power to seek injunctions is expressly conferred upon specified public officers, we may assume that the Legislature did not intend to create the private attorney general rights which the plaintiffs purport to exercise. Such rights, when intended, have been expressly granted").

We finally consider whether lack of clarity in the law regarding whether redemption centers are entitled to reimbursement from distributors for containers collected from persons other than consumers alters our analysis of the Legislature's intent regarding a private right of action in the bottle bill. The Legislature did not specifically address whether redemption centers have an enforceable claim to compensation for tendering such containers, or whether additional procedures or regulations may be required before such a right would be recognized and then enforced by the Attorney General or district attorneys. The statute's lack of specificity does not support the conclusion that the Legislature intended private enforcement of the statute to resolve these questions.

In enacting the bottle bill, the Legislature established previously undefined and untested rights and duties, created a new

torney General of the violation of the statute by Merrimack and had engaged in negotiations with the Attorney General's office regarding the dispute, but that no enforcement action was taken. Although we do not consider these statements in analyzing this appeal, we do note that under appropriate circumstances, an action may be brought under G. L. c. 249, § 5, which provides that a "civil action to obtain relief formerly available by writ of mandamus may be brought in the supreme judicial or superior court." See *Massachusetts Soc. of Graduate Physical Therapists, Inc.* v. *Board of Registration in Medicine*, 330 Mass. 601, 605-606 (1953); *Lynch* v. *Police Commr. of Boston*, 43 Mass. App. Ct. 107, 109 (1997).

entity (the redemption center), and ordered further regulation and enforcement by public agencies to refine the workings of the statute. In this uncertain, evolving and complex regulatory environment encompassing an entire industry and its consumers, public rather than private enforcement has obvious advantages, and we can discern no intent to create a private right of action. See generally *Falmouth Hosp.* v. *Lopes*, 376 Mass. 580, 586 (1978) (in interpreting *Cort* v. *Ash* principles, court states that "[w]ithout the participation of the responsible administrative officials, judicial rulings on the complex and uncertain application of the Federal and State regulations to particular situations might well give rise to conflict and confusion").

In sum, we conclude that no private right of action should be read into the bottle bill, given the inclusion and articulation of the express public enforcement provision and the absence of any indication, explicit or implicit, of a legislative intent to create a private right of action.[4]

*Judgment affirmed.*

---

[4]This conclusion renders unnecessary the resolution of Merrimack's argument that mootness provided an alternative basis on which to dismiss count I, in which All Brands sought injunctive relief.