van Gestel, J.
These consolidated matters came before the Court following remand of case No. 99-4767 BLS from the Supreme Judicial Court. See Roberts v. Enterprise Rent-A-Car Company of Boston, Inc., 438 Mass. 187, 196 (2002) (hereafter “Roberts’’).*
The Amended Class Action Complaint in case No. 99-4767 BLS contains two counts. Count I is for violation of G.L.c. 90, Sec. 32E1/2(B)(2) and (C)(2), and Count II is for violation of G.L.c. 93A, Sec. 2(a). Both counts are grounded on the same factual allegations regarding violations of G.L.c. 90, Sec. 32E1/2.
The First Amended Class Action Complaint in case No. 03-0033 BLS contains four counts. Count I is for breach of contract, Count II is for unjust enrichment, Count III is for violation of G.L.c. 93A, and Count TV seeks a declaratory judgment. All four counts are grounded on the same factual allegations regarding violations of G.L.c. 90, Sec. 32E1/2.
In order of docketing, there are presented the following motions in case No. 99-4767 BLS: Plaintiff Scott Roberts’s Motion for Partial Summary Judgment as to Liability (Paper #46); Defendants’ Motion for Judgment on the Pleadings on the Ground that there Can Be No Claim for Violation of Chapter 90, Section 32E1/2 under Chapter 93A (Paper #50); and Defendant Enterprise Rent-A-Car Company of Boston, Inc.’s Motion for Summary Judgment Regarding the Addendum Form of Rental Agreement (Paper #53).
In order of docketing, there are presented the following motions in case No. 03-0033 BLS: Plaintiffs’ Motion for Partial Summary Judgment (Paper #11); Defendants’ Motion for Judgment on the Pleadings on the Ground that there Can Be No Claim for Violation of Chapter 90, Section 32E1/2 Under Chapter 93A (Paper #50 in case No. 99-4767 BLS); and Defendants’ Motion for Summary Judgment on Whether Defendants Comply with Chapter 90, Section 32E1/2(C)(5) Regarding Exclusions to Collision Damage Waiver Coverage and on Plaintiffs’ Other Claims (Paper #51 in case No. 99-4767 BLS).
BACKGROUND
Both underlying cases are purported class actions on behalf of the named plaintiffs and a class, or classes, of persons who, during certain periods of time, rented automobiles in Massachusetts from the defendant, Enterprise Rent-A-Car of Boston, Inc. (“Enterprise”). The complaints allege that Enterprise failed to adequately display to its customers information regarding the “collision damage waiver” in its rental contracts, as required by G.L.c. 90, Secs. 32E1/2(B)(2) and (C) (2), or otherwise violated that statute by making improper exclusions from collision damage waiver coverage, and also, in each instance, therefore, violated G.L.c. 93A.
Enterprise is a Massachusetts corporation in the business of renting private passenger automobiles throughout the Commonwealth. As such, Enterprise is a rental company whose business practices regarding collision damage waivers are governed by G.L.c. 90, Sec. 32E1/2.
In renting automobiles in Massachusetts during the class periods described in the complaints, Enterprise used two basic forms of rental agreements: the “addendum” rental agreement and the “ticket jacket” rental agreement. In its recent decision, the Supreme Judicial Court held that the ticket jacket form of rental agreement used by Enterprise from approximately May 1997 to February 2002 complied with Sec. 32E1/2. Roberts, supra 438 Mass. at 196. Thus, only the addendum form of rental agreement remains in issue in case No. 99-4767 BLS.
For the period from May 27, 1995, to in or about April 1997, two substantially similar forms of rental agreements, each utilizing “addendums,” were in use by Enterprise in Massachusetts. Copies of these forms of agreement were provided to the Court.
The addendum rental agreements were made up of four pages, attached along the left side by a perforated strip, and a separate fifth page called the addendum. The first three pages are preprinted, carbonless duplicates on which information about the customer and the rental were included and, after the necessary information was completed on a computer keyboard *454 by the salesperson, were emitted from a printer, ready for initialing and signature by the customer. The pages are not separated until after the initialing and signing are completed.
The first page was denoted on the bottom, “AUDITOR’S COPY’; the second page was denoted on the bottom, “INVOICE”; and the third page was denoted on the bottom, “CUSTOMER COPY.” Except for their color — white, yellow and pink, respectively — the three pages were identical. The fourth page contains advertising-type materials that are not relevant to the present issue.
The fifth page — the addendum — sets forth the collision damage waiver (“CDW”) notice, as well as additional information about CDW. This page is not part of the attached packet that includes pages one through four. It is said by Enterprise that the addendum page followed a format suggested by the Car and Truck Rental and Leasing Association of Massachusetts (“CATRALA”) in materials provided when Sec. 32E1/2 was enacted. CATRALA instructed that, to comply with the law, the notice language “must appear in your contract or on an addendum to your contract.”
In a box near the bottom of the left-hand column of each of the three identical pages of this form of the rental agreement, there appear the words, in capital letters: “SEE ADDENDUM FOR COLLISION DAMAGE WAIVER NOTICE, MASS. GENERAL LAW CHAPTER 90, SECTION 32E1/2.”
If a customer using this form chooses to accept the CDW, he or she must initial a small box about IV2 inches long and less than V2 inch wide, which is one of six such boxes in the upper middle of the face of the form.[4] There is also a place on the addendum where a customer could check and sign indicating acceptance or declination of the CDW.
There is a factual dispute, of a material nature, as to how the addendums were supposed to be handled, and were in fact handled. A senior official of Enterprise gave deposition testimony to the effect that Enterprise has had, throughout the class period, policies instructing its sales representatives that a customer had to sign the rental agreement and the customer had to initial the rental agreement either accepting or declining the CDW. That official, however, was uncertain about the existence of any written policy which instructed sales representatives that the customer also had to sign the addendum.
The Enterprise official also testified that it was Enterprise’s policy and practice in renting cars under the addendum rental agreements to provide the customer with the CUSTOMER COPY of the agreement and to staple the signed addendum to the AUDITOR’S COPY and retain the addendum along with the AUDITOR’S COPY in Enterprise’s business records.
In discovery in this case, Enterprise has located and produced its AUDITOR’S COPY of one of plaintiff Scott Roberts’s (“Roberts”) rental agreements, but has not located or produced any addendum signed by that customer. Roberts has no memory of having been shown or signing an addendum.
Case No. 03-0033 BLS makes a somewhat different attack on Enterprise’s collision damage waivers and rental agreements. Basically, this case charges Enterprise with improper exclusions from collision damage coverage in violation of Sec. 32E1/2 and c. 93A.
DISCUSSION
A Rule 12(c) motion for judgment on the pleadings like that brought by Enterprise here admits all well-pleaded allegations of the complaints, and the Court must accept as true such inferences as may be drawn in the plaintiffs’ favor. Sampson v. Lynn, 405 Mass. 29, 30 (1989); Natick Auto Sales, Inc. v. Department of Procurement and General Services, 47 Mass.App.Ct. 625, 630 (1999). The Rule is “designed to cover the rare case where the [complaint or] answer admits all the material allegations ... so that no material issue of fact remains for adjudication.” Mass.R.Civ.P. Rule 12(c), Reporter’s Notes. “Judgment on the pleadings under rule 12(c) lies only when the test of the pleadings produces no dispute over material facts.” Tanner v. Board of Appeals of Belmont, 27 Mass.App.Ct. 1181, 1182 (1989). Of course, conclusions of law from the facts alleged are open for review on a Rule 12(c) motion.
The effect of a motion for judgment on the pleadings is to challenge the legal sufficiency of the complaint. Minava v. Massachusetts Credit Union Share Insurance Company, 392 Mass. 904, 905 (1984). The complaints here, however, are sufficient unless they show beyond doubt that no provable set of facts would entitle the plaintiffs to relief. Harvard Law School Coalition for Civil Rights v. President & Fellows of Harvard College, 413 Mass. 66, 68 (1992). The plaintiffs bear a “relatively light burden," Warner-Lambert Co. v. Execuquest Corp., 427 Mass. 46, 47 (1998), and must be given the benefit of any doubts. Kipp v. Keuker, 7 Mass.App.Ct. 206, 210 (1979). These are “generous principles,” and the Court will apply them in the way they are intended. Connerty v. Metropolitan District Commission, 398 Mass. 140, 143 (1986).
Further, “[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as in Rule 56.” Mass.R.Civ.P. Rule 12(c).
The remaining motions all seek either partial or complete summary judgment. Summary judgment is granted where there are no issues of genuine material fact, and the moving party is entitled to judgment as a matter of law. Hakim v. Massachusetts Insurers’ Insolvency Fund, 424 Mass. 275, 281 (1997); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The *455 moving party bears the burden of affirmatively demonstrating that there is no triable issue of fact. Peder-son v. Time, Inc., 404 Mass. 14, 17 (1989).
To the extent necessary, the Court will discuss the motions separately, but not necessarily in the order of their docketing. The Court begins with the defendants’ Rule 12(c) motion for judgment on the pleadings because of its possible dispositive impact on the totality of both cases.
Defendants’ Motion for Judgment on the Pleadings on the Ground that there Can Be No Claim for Violation of Chapter 90, Section 32E1/2 Under Chapter 93A.
This motion is directed at the entire amended complaint in case No. 99-4767 BLS (hereafter the “Roberts action”). The same motion is said to be only against the G.L.c. 93A claim in Count III of the amended complaint in case No. 03-0033 BLS (hereafter the “Hershenow” action), but it appears to the Court to reach the entire amended complaint in that case as well.
As noted above, in Roberts, supra, 438 Mass. at 196, the SJC determined that Enterprise’s ticket jacket form of rental agreement satisfied the requirements of G.L.c. 90, Sec. 32E1/2. Consequently, what remains to be determined in the Roberts action relates to whether the “addendum” forms of rental agreement meet the requirements of Sec. 32E1/2 and whether any failure also constitutes a violation of G.L.c. 93A. Similarly, the Hershenow action includes a c. 93A claim grounded on alleged violations of Sec. 32E1/2. The SJC phrased the issues raised by this motion in Roberts, supra, 438 Mass. at 191 n.8, as “whether G.L.c. 90, Sec. 32E1/2, contains a private right of action and, if not, whether by logical extensions, the Legislature has precluded a claim under G.L.c. 93A, for the same behavior,” noting that those points were not raised and not decided in that appeal.
What is involved, therefore, is not a factual determination, but rather an interpretation of statutes and the law surrounding them. This is precisely the kind of thing that Rule 12(c) is designed to accomplish.
As recently as May 8, 2003, the SJC restated and reaffirmed long-held principles of statutoiy construction. In Commonwealth v. Clerk-Magistrate of the West Roxbury Div. of the Dist. Court Dep’t, 439 Mass. 352, 355-56 (2003), the SJC wrote:
It is a standard canon of statutoiy construction that “the primary source of insight into the intent of the Legislature is the language of the statute.” International Fid. Ins. Co. v. Wilson, 387 Mass. 841, 853 (1983). A court may not add words to a statute that the Legislature did not put there. See General Elec. Co. v. Department of Envt’l Protection, 429 Mass. 798, 803 (1999), and cases cited. “Statutoiy language should be given effect consistent with its plain meaning and in light of the aim of the Legislature unless to do so would achieve an illogical result.” Sullivan v. Brookline, 435 Mass. 353, 360 (2001). See O’Brien v. Massachusetts Bay Transp. Auth., 405 Mass. 439, 443-44 (1989). Where, as here, the language of the statute is clear and unambiguous, it is conclusive as to the intent of the Legislature. See Pyle v. School Com’n. of So. Hadley, 423 Mass. 283, 285 (1996).
In order to determine whether a statute provides for a private right of action, the Court must examine the express language of the statute and, to the extent available, its legislative histoiy. Borucki v. Ryan, 407 Mass. 1009 (1990). Courts have “generally been reluctant to infer a private cause of action from a statute in the absence of some indication from the Legislature supporting such an inference.” Loffredo v. Center for Addictive Behaviors, 426 Mass. 541, 544 (1998).
There is no language or suggestion of. any sort in Sec. 32E1/2 providing for, or even indicating a Legislative intent that the section provides, a private right of action for its enforcement or for any failure to comply therewith. In fact, the only two subsections of the section that addressed remedies indicate to the contraiy.[5] These are subsecs. (D) and (E), which read in their entirety as follows:
(D) Any person violating any provision of this section shall be punished by a fine of not more than one hundred dollars for each such violation. Each rental transaction in violation of this section shall constitute a separate violation. A civil penalty may be assessed in an action brought on behalf of the commonwealth.
(E) The director of consumer affairs and business regulation shall inform the office of the attorney general of any method, act or practice of which he is aware that is deemed by him to be a violation of any provision of this section.[6]
(Emphasis added.)
“Where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it.” Loffredo, supra, 426 Mass. at 547. This Court considers the admonition in Loffredo particularly apt in the present instance. The SJC in Roberts, supra, at 192-96, did, after all, reject totally this Court’s more broad reading of Sec. 32E1/2 regarding whether there was sufficient display of the collision damage waiver on Enterprise’s ticket jacket form of rental agreement. And the SJC made its ruling while observing expressly that Sec. 32E1/2 “is clearly designed to benefit consumers who rent private passenger automobiles ... [and that it] interprets] consumer protection statutes broadly to effectuate their remedial purposes . . .” Id. at 192. Given the particular history of this case, this Court will not add words to the statute that the Legislature did not put there. See General Elec. Co. v. Department of Envt’l Protection, 429 Mass. 798, 803 (1999).
*456 The remedial scheme chosen by the Legislature for violation of Sec. 32E1/2 is: (1) by criminal fine; (2) by civil penalty in an action brought on.behalf of the Commonwealth; and (3) by action of the Attorney General on information provided by the Director of Consumer Affairs and Business Regulation. This is all governmental action, basically by the Attorney General. There is no provision permitting a private right of action.
Turning next to G.L.c. 93A, in the foregoing context, the Court observes the well-settled law that when a statute regulating certain conduct limits the available remedies in a manner that conflicts with different remedies more broadly available under c. 93A, then the latter statute cannot be utilized as an end-run around the underlying law to provide relief not granted thereby. See, e.g., Cabot Corp. v. Baddour, 394 Mass. 720, 723-26 (1985); Reiter Oldsmobile, Inc. v. General Motors Corp., 378 Mass. 707, 710-11 (1979).
The Court reads nothing in the recent case of Ciardi v. F. Hoffman-La Roche, Ltd., 436 Mass. 53 (2002), as applying to the claims and situations set forth in the two complaints before it here.
This Court takes the SJC’s wholly unsolicited comments in footnote 8 of the Roberts opinion as a clear signal that it should examine carefully whether the Legislature has precluded a claim under G.L.c. 93A for behavior in violation of Sec. 32E1/2.
The entire statutory scheme for the regulation of business practices regarding collision damage waivers in private passenger automobile rental transactions in Massachusetts is included within G.L.c. 90, Sec. 32E1/2. The remedial scheme included therein for violations is public enforcement — criminal fines', civil penalties in actions brought on behalf of the Commonwealth and action by the Attorney General on information from the Director of Consumer Affairs and Business Regulation — which is quite different from and in conflict with the private remedies of possibly multiple monetaiy damages, injunctive relief and attorneys fees provided in G.L.c. 93A. Further, there is no language anywhere in G.L.c. 90, Sec. 32E1/2 providing for any concurrent application of other laws.
This is not one of those situations wherein a private remedy may be inferred, see All Brands Container Recovery, Inc. v. Merrimack Valley Distrib. Co., Inc., 54 Mass.App.Ct. 297, 303 (2002), nor can c. 93A be utilized as a substitute for the Legislature’s chosen remedies. This is precisely what the Cabot Corp. and Reiter Oldsmobile cases are all about.
There being no private right of action under G.L.c. 90, Sec. 32E1 /2 and no right to bring a separate action for violation thereof under G.L.c. 93A, it becomes unnecessary to expend extensive time to resolve the remaining motions.
Plaintiff Scott Roberts’s Motion for Partial Summary Judgment as to Liability.
The Court having determined that there is no private right of action under G.L.c. 90, Sec. 32E1/2 and no right to bring a separate action for violation thereof under G.L.c. 93A, there can be no liability on either of the two counts in the Amended Complaint in the Roberts action.
Defendant Enterprise Rent-A-Car Company of Boston, Inc.’s Motion for Summary Judgment Regarding the Addendum Form of Rental Agreement.
The claims by the plaintiffs regarding the addendum forms of rental agreement suggest that since the addendum is a separate piece of paper, it is not “included” in the rental agreement as required by Sec. 32E1/2. This Court disagrees. An agreement can be made up of more than one piece of paper. Construction contracts, for example, always have multiple documents making up the agreement. Thus, the addendum is “included” as part of the agreement if, as a matter of fact, it is delivered to the renting customer.
Further, the holding by the SJC in Roberts supports this position.
The plaintiffs argue the factually disputed proposition that the rental customers did not, however, always receive the addendums in any event.
Significantly, however, the Court having determined that there is no private right of action under G.L.c. 90, Sec. 32E1 /2 and no right to bring a separate action for violation thereof under G.L.c. 93A, there can be no liabiliiy on either of the two counts in the Amended Complaint in the Roberts action.
Plaintiffs’ Motion for Partial Summary Judgment in case No. 03-0033-BLS.
All of the counts in case No. 03-0033 BLS are predicated and grounded upon private claims for violation of G.L.c. 90, Sec. 32E1/2 and G.L.c. 93A. The Court having determined that there is no private right of action under G.L.c. 90, Sec. 32E1 /2 and no right to bring a separate action for violation thereof under G.L.c. 93A, there can be no liability on the first three counts in the Amended Complaint in the Hershenow action.
All that this Court can, and must, properly do is render a declaration that the plaintiffs are not entitled to the relief they seek, for the same reasons, on Count IV.
Defendants’ Motion for Summary Judgment on Whether Defendants Comply with Chapter 90, Section 32E1/2(C)(5) Regarding Exclusions to Collision Damage Waiver Coverage and on Plaintiffs’ Other Claims.
This motion seeks summary judgment in favor of the defendants in the Hershenow action on the plaintiffs’ contentions that certain exclusions in the *457 defendants’ rental agreements violate G.L.c. 90, Sec. 32E1/2. The Court having determined that there is no private right of action under G.L.c. 90, Sec. 32E1/2 and no right to bring a separate action for violation thereof under G.L.c. 93A, there.can be no liability on any of the counts in the Amended Complaint in the Hershenow action.
ORDER
For the foregoing reasons:
1. Defendants’ Motion for Judgment on the Pleadings on the Ground that there Can Be No Claim for Violation of Chapter 90, Section 32E1/2 Under Chapter 93A (Paper #50 in case No. 99-4767 BLS) is ALLOWED;
2. Plaintiff Scott Roberts’s Motion for Partial Summary Judgment as to Liability (Paper #46 in case No. 99-4767 BLS) is DENIED;
3. Defendant Enterprise Rent-A-Car Company of Boston, Inc.’s Motion for Summary Judgment Regarding the Addendum Form of Rental Agreement (Paper #53 in case No. 99-4767 BLS) ALLOWED because there is no claim for private right of action under Chapter 90, Section 32E1/2, or under Chapter 93A, but not on the merits of the motion;
4. Plaintiffs’ Motion for Partial Summary Judgment in case No. 03-0033-BLS (Paper #11 in case No. 03-0033 BLS) is DENIED and a declaration is to be entered to the effect that the plaintiffs are not entitled to the relief they seek on Count IV of their amended complaint; and
5. Defendants’ Motion for Summary Judgment on Whether Defendants Comply with Chapter 90, Section 32E1/2 (C)(5) Regarding Exclusions to Collision Damage Waiver Coverage and on Plaintiffs’ Other Claims (Paper #51 in case No. 99-4767 BLS) is ALLOWED because there is no claim for private right of action under Chapter 90, Section 32E1 /2, or under Chapter 93A, but not on the merits of the motion.
6. Judgment is to enter accordingly, dismissing each of the two consolidated cases, with each party to bear his, her or its own costs.

Editor’s Note: The original Superior Court opinion is reported at 14 Mass. L. Rptr. 62.

The form is a mass consisting, the plaintiffs assert, of “no less than 150 separate rectangular boxes of varying sizes, at least half of which contain text or diagrams.”

Section 32E1/2 underwent amendment in 2002 by St. 2002, c. 232, Secs. 1 to 3. None of the amendments, which became effective on November 5, 2002, changed the statute in any way significant to the points here being discussed.

Section 3 of St. 2002, c. 232, inserted subsec. (D); redesignated former subsec. (D) as subsec. (E), and in the first sentence, deleted “any provision of’ following “violating,” substituted “100" for ’’one hundred dollars," and deleted “such” preceding “violation”; and redesignated subsec. (E) as subsec. (F), substituted “that the director determines” for “of which he is aware that is deemed by him,” and deleted “any provision of’ preceding “this section.”