Agnes, A.J.
1. Introduction
The Defendants, Richard Carlson, individually and d/b/a Patriot Group, and Allison L. Read, individually and d/b/a Patriot Group, have moved for Judgment on the Pleadings pursuant to Mass.R.Civ.P. 12(c) on the basis that G.L.c. 30B, §17(d) precludes the Plaintiff, the Town of Lunenburg, from instituting a private action to enforce the Town’s claim under G.L.c. 30B, §17(c), against the Defendants. Although the matter arises at an early stage of the proceedings and the court has not conducted an evidentiary hearing, based on the materials submitted and the information supplied by counsel at the hearing, the essential facts are not in dispute.
2. The Facts
Defendants Carlson and Read are husband and wife. Carlson was Superintendent of Schools for the Town. Among Carlson’s many responsibilities in his capacity as Superintendent was the responsibility of procuring supplies for the school department. Between 1997 and the present, Carlson submitted 71 purchase orders to the Town’s Accounting Department seeking payment for supplies purchased from a company identified as “Patriot Group.” The purchase were orders printed on Patriot Group letterhead and purported to document supplies procured by Carlson for the school department. Based on Carlson’s submission of the purchase orders and invoices, the Town approved the amounts requested and rendered payment to Patriot Group. The Patriot Group is not now *222 and was not then a registered business entity with the Secretary of the Commonwealth. The Federal Tax Identification Number listed by Patriot Group was the same as defendant Read’s Social Security number. Carlson’s 71 submissions of Patriot Group invoices totaled $375,173.00. Carlson also submitted two credit card receipts purporting to be charges made on behalf of the school totaling $8854.00. Carlson also submitted falsified invoices for purchases from ASD, a supplier the Lunenburg Public Schools had used in the past, totaling $109,660.17.
3. Standard of Review for a Judgment on the Pleadings
A motion for judgment on the pleadings will lie only where there are no material facts in dispute on the face of the pleadings. Clarke v. Metropolitan District Commission, 11 Mass.App.Ct. 955 (1981) (rescript). Even though some facts are disputed, the court may still grant the motion if they are not material to the controversy. Wing Memorial Hospital v. Department of Public Health, 10 Mass.App.Ct. 593, 595 (1980). Rule 12(c) provides that any party may move for judgment on the pleadings. When the defendant brings the motion, as is the case here, it is, in effect, a motion to dismiss. The defendant’s motion, although made after pleadings are completed, argues simply that the complaint fails to state a claim upon which relief can be granted. Town of Burlington v. District Attorney for the Northern District, 381 Mass. 717, 722 (1980). In the present case, there being no material facts in dispute on the face of the pleadings, a judgment on the pleadings is an appropriate and available remedy.
4. Analysis of the Private Right of Action Under G.L.c. 30B, § 17(d).[2]
The sole basis of Defendants’ motion is that the Town cannot bring suit under chapter 30B because Section 17(d) precludes private suits to enforce the chapter.[3] In their Memorandum of Law in support of their motion for judgment on the pleadings, the Defendants cite no authority, cases or otherwise, supporting their interpretation. Instead, the Defendants seem simply to rely on the “plain meaning” of the words by quoting for the court the language of the statute. Only during oral argument at the hearing on the motion, did Defendants cite a case, All Brands Container Recovery, Inc. v. Merrimack Valley Distributing Company, Inc., 54 Mass.App.Ct. 297 (2002), to support their position. The issue presented in All Brands was whether the “bottle bill,”[4] G.L.c. 94, §§312-327, provides a private right of action for a redemption center, an entiiy created by the bottle bill for the purpose of collecting empty beverage containers from consumers. All Brands Container Recovery, Inc., 54 Mass.App.Ct. at 297. Under the statute, redemption centers receive five cents per beverage container as well as a handling fee.[5] In All Brands, the plaintiff All Brands Container Recovery, Inc., sought compensation for containers returned to the defendant, Merrimack Valley Distribution Co., Inc. The court in All Brands began its analysis by first determining whether the bottle bill created a right in favor of the plaintiff distinct from the public at large. All Brands Container Recovery, Inc., 54 Mass.App.Ct. at 300, citing Cort v. Ash, 422 U.S. 66, 78 (1975). See also Gabriel v. Borowy, 324 Mass. 231, 234 (1949) (Where a statutory right is conferred upon a class of individuals as distinguished from the public at large but no remedy is provided by the statute for the enforcement of the right, the right may be asserted by any appropriate common-law remedy that is available. Otherwise, the right would be useless and illusory.). The court found that the bottle bill did in fact create a right in AÍÍ Brands that was distinct from the public at large because the statute allowed for handling fees, which the public was not entitled to, as well as the fact that the statute “created” redemption centers to carry out the bottle bill’s goal of conservation by making it easier for consumers to turn in bottles. All Brands Container Recovery, Inc., 54 Mass.App.Ct. at 301. The court then considered whether there is any indication of legislative intent to create or deny a private right of action to enforce the bottle bill. All Brands Container Recovery, Inc., 54 Mass.App.Ct. at 301. The court held that “(t]he text of the [bottle bill] provides no hint of a private right of action” but instead specifically tasks enforcement to “multiple public authorities.”[6] All Brands Container Recovery, Inc., 54 Mass.App.Ct. at 301. The court ultimately concluded that while the plaintiff All Brands may have had a right greater than the public at large, “no private right of action should be read into the bottle bill given the inclusion and articulation of the express public enforcement provision and the absence of any indication" of a legislative intent to create a right of action in redemption centers. All Brands Container Recovery, Inc., 54 Mass.App.Ct. at 303.
In the present case the statute, G.L.c. 30B, creates a right to reimbursement for a governmental body, if it is a party to the type of contracts allowed by the statute.[7] This means that a governmental body by virtue of having a contract covered by G.L.c. 3 GB, has a right the public at large does not.[8] Unlike the statute in All Brands, the language in our case is not as limiting as the language in the bottle bill statute that reserved the enforcement for the attorney general and district attorneys.
Unlike All Brands in which public law officers were required to initiate litigation to enforce the bottle bill, G.L.c. 94, §327, there is no such obligation imposed on the attorney general, inspector general, or any other public law officer under G.L.c. 30B, § 17(d). Furthermore, the Legislature has, very clearly expressed its intention, as the Town points out, to allow municipalities and towns to sue and be sued.[9] There being no express prohibition against private actions nor any express reservation for public actions, as well as the Legislature’s intent to allow towns to sue and *223 be sued, and the fact that the Town possesses a right that the public at large does not have, the Town should be allowed to pursue its claim under C.L.c. 30B.[10]
ORDER
The following reasons set forth above, the Defendants’ motion for judgment on the pleadings is DENIED.

G.L.c. 30B, added by St. 1989 c. 687 §3, applies to every “contract for the procurement of supplies, services or real property and for disposing of supplies or real property by a governmental body as defined” by the statute. G.L.c. 30B, §1. The body of G.L.c. 30B indicates the Legislature’s intent to create a statute for the specific purpose of regulating contracts between governmental bodies and other entities.

G.L.c. 30B, §17(d) states; “The Inspector General shall have authority to institute a civil action to enforce paragraph (c) if authorized by the Attorney General.”

Rhe objective of the bottle bill is to encourage conservation of materials and energy, and to reduce litter. To achieve this end the state provides financial incentives to consumers to give back their empty beverage containers. All Brands Container Recovery, Inc., 54 MassApp.Ct. at 298.

Redemption centers are defined by 301 CMR §4.02 (19931.

The court cites G.L.c. 94, §327, the enforcement provision of the bottle bill, which states in pertinent part, “the attorney general and district attorneys shall enforce the provisions” of the act.

“A person who causes or conspires with another to cause a contract to be solicited or awarded in violation of a provision of this chapter shall forfeit and pay to the appropriate governmental body a sum of not more than two thousand dollars for each violation. In addition, the person shall pay double the amount of damages sustained by the governmental body by reason of the violation, together with the costs of any action. If more than one person participates in the violation, the damages and costs may be apportioned among them.” G.L.c. 30B, §17(c).

According to the papers, neither party challenges the applicability of G.L.c. 30B, §1 et seq. to the procurements or contracts involved in this case. This court makes no determination of the applicability of G.L.c. 30B, §1 et seq. because that issue has not been raised by the parties and will therefore assume that the statute applies and that the Town is a governmental body as defined by the statute.

A town may in its corporate capacity sue and be sued by its name, and may appoint necessary agents therefor (sic). G.L.c. 40, §2.

This decision has no effect on the right of the Attorney General or Inspector General to pursue claims based on G.L.c. 30B.