Massachusetts Redemption Coalition, Inc. v. Secretary of the Executive Office of Envtl. Affairs.

MASSACHUSETTS REDEMPTION COALITION, INC., & others[1] vs.
SECRETARY OF THE EXECUTIVE OFFICE OF ENVIRONMENTAL
AFFAIRS.[2]

No. 05-P-1204.

Suffolk. September 13, 2006. - January 16, 2007.

Present: RAPOZA, C.J., GELINAS, & GRAINGER, JJ.

*Beverage Containers. Secretary of Environmental Affairs. Mandamus.*

In a mandamus action pursuant to G. L. c. 249, § 5, brought by private companies (plaintiffs) against the Secretary of the Executive Office of Environmental Affairs (Secretary), claiming that the Secretary had failed to promulgate regulations in certain areas to effectuate the purposes of the bottle bill, G. L. c. 94, §§ 321-321, and asking the Secretary to revise the related regulations, 301 Code Mass. Regs. §§ 4.00 et seq. (1993), the trial judge did not err in dismissing the plaintiffs' complaint on the Secretary's motion for judgment on the pleadings, where no exceptional circumstances were present to warrant an order compelling the Secretary to act. [69-71]

CIVIL ACTION commenced in the Superior Court Department on November 10, 2003.

The case was heard by *Jeffrey A. Locke*, J., on a motion for judgment on the pleadings.

*Douglas W. Salvesen* for the plaintiff.

*Amy Spector*, Assistant Attorney General, for the defendant.

RAPOZA, C.J. This is a mandamus action pursuant to G. L. c. 249, § 5, brought by the Massachusetts Redemption Coalition, Inc. (Coalition), and two beverage container redemption

---

[1]Colonial Shoppe Redemption and M & M Bottle & Can Return.

[2]The plaintiffs filed this action against Ellen Roy Herzfelder, then Secretary of the Executive Office of Environmental Affairs, in her official capacity. The current Secretary, Stephen Pritchard, is automatically substituted as the defendant. See Mass.R.Civ.P. 25(d), 365 Mass. 772 (1974). Here, we use the pronoun "she" only for the sake of consistency with the parties' pleadings and briefs.

centers against the Secretary of the Executive Office of Environmental Affairs (Secretary), claiming violations of the provisions of G. L. c. 94, §§ 321-327 (bottle bill), and asking the Secretary to revise the related regulations, 301 Code Mass. Regs. §§ 4.00 et seq. (1993).[3] Pursuant to G. L. c. 94, § 326, as appearing in St. 1989, c. 653, § 71, the "secretary shall promulgate and from time to time revise rules and regulations to effectuate the purposes of [certain] sections [of the bottle bill]." A Superior Court judge, on the Secretary's motion for judgment on the pleadings under Mass.R.Civ.P. 12(c), 365 Mass. 756 (1974), found mandamus to be inappropriate and dismissed the plaintiffs' complaint. We affirm.

*Background.* A fair reading of the factual allegations contained in the plaintiffs' amended complaint, which are taken as true, *Jarosz* v. *Palmer*, 436 Mass. 526, 529-530 (2002), indicates that the Secretary has promulgated appropriate regulations generally governing the container redemption business. Nonetheless, according to the plaintiffs, certain specific aspects of the process — including fees paid to redeem, the methods by which distributors count containers, and certain sorting and labeling requirements — have not been addressed either adequately or at all. The plaintiffs further assert that as a consequence, the Secretary's failure or refusal to regulate the activities of bottlers and distributors has resulted in the de facto regulation of the container redemption process by private entities and their agents.

In particular, the plaintiffs state that they are at the mercy of TOMRA Massachusetts LLC (TOMRA), a direct competitor

---

[3]The Coalition is a nonprofit corporation intended to support and promote the interests of redemption centers and similar facilities. At oral argument we raised the issue of the Coalition's standing to bring a mandamus action in the circumstances. See *Prudential-Bache Sec., Inc.* v. *Commissioner of Rev.*, 412 Mass. 243, 248 (1992) (when standing goes to subject matter jurisdiction, an appellate court can raise the issue on its own motion). Ordinarily, a professional organization does not have such standing and must be dismissed from the complaint on that basis. See *Alliance, AFSCME/SEIU, AFL-CIO* v. *Commonwealth*, 427 Mass. 546, 550-551 (1998). Where, as here, the remaining plaintiffs set forth "a particularized interest," *id.* at 550, and are thus properly before us, we do not pause to make that determination. See *Massachusetts Teachers Assn.* v. *Secretary of the Commonwealth*, 384 Mass. 209, 214 (1981) (where at least one plaintiff has standing to raise the issues before the court, the standing of other plaintiffs need not be addressed).

that has contracted with a majority of Massachusetts distributors to perform the distributors' duties under the bottle bill. The plaintiffs further contend that TOMRA makes certain demands on them that they are not at liberty to ignore and that are not otherwise required by the Secretary's regulations. Such demands allegedly lead to increased operating costs for the plaintiffs and, they claim, are being used by TOMRA merely as a means of driving the plaintiffs out of business. The plaintiffs thus charge that the Secretary has failed in her statutory duty to promulgate regulations in this field and that, consequently, mandamus should be invoked to compel the Secretary to act.

The plaintiffs also contend that they are without an alternative remedy, having apparently tried without success to urge the Secretary to increase the handling fee and promulgate rules they believe to be vital to their own success, which in turn, they assert, assures the success of the entire statutory scheme.

*Discussion.* We start with the axiom that "[m]andamus relief is not a matter of right but of sound judicial discretion." *Lutheran Serv. Assn. of New England, Inc.* v. *Metropolitan Dist. Commn.*, 397 Mass. 341, 345 (1986). Such relief is extraordinary and thus inappropriate "except to prevent a failure of justice in instances where there is no other adequate remedy." *Id.* at 344. While we recognize certain inequities may exist in the bottle redemption process as alleged, we conclude that no exceptional circumstances are present here to warrant an order compelling the Secretary to act.

The plaintiffs do not contend that the Secretary failed to promulgate regulations at all, but rather that she has failed to promulgate regulations in certain specific areas to effectuate the purposes of the bottle bill, G. L. c. 94, § 326.[4] Resolving what specific regulations would most likely achieve those goals is a purely political question that, in the present framework, is best

[4]Although the plaintiffs deny that they seek any particular regulatory enactment, from the briefing and amended complaint it appears that the plaintiffs want the Secretary to promulgate regulations that would (1) either prohibit distributors from designating TOMRA as a collection agent, or prohibit TOMRA from requiring the additional sorting and labeling tasks presently imposed; (2) standardize a counting methodology to ensure consistent and verifiable container counts; and (3) raise the "handling" fee to a level that would ensure profitability.

left to the executive branch in the person of the Secretary. Indeed, this court should be "extremely wary of entering into controversies where we would find ourselves telling a coequal branch of government how to conduct its business." *Alliance, AFSCME/SEIU, AFL-CIO* v. *Commonwealth*, 427 Mass. 546, 548 (1998). As stated above, the statute mandates that, "to effectuate the purposes" of the bottle bill, the "secretary shall promulgate and from time to time revise . . . regulations." Other than these broad directives, there is nothing in the statute that states how often or under what circumstances the Secretary must act. Accordingly, the Secretary's decision not to undertake either alternative indicates nothing more than her judgment that such regulations or revisions were not necessary "to effectuate" the policies underlying the bottle bill. That decision was well within the parameters of her authority and discretion.[5]

As the motion judge notes in his thoughtful memorandum, "[f]or a court to involve itself in the dispute between redemption centers and distributors would require that the court in essence substitute its judgment for that of the Secretary, a function that courts are particularly chary of carrying out. . . . The regulations may not specifically address the sorting and packing processes for empty beverage containers to the extent desired by the plaintiff, but c. 94, § 326[,] does not specifically mandate such regulation. Rather, the statute grants the Secretary broad discretion to fashion regulations which in her judgment effectuate the goals of the [b]ottle [b]ill." See *Channel Fish Co.* v. *Boston Fish Mkt. Corp.*, 359 Mass. 185, 187 (1971) ("Ordering [a public official] to make such discretionary determinations is

[5]Unlike in their brief before this court, in their amended complaint the plaintiffs allege that the Secretary acted "intentionally" by not revising the regulations in order to "strangle the remaining redemption centers." On appeal, the plaintiffs argue that the Secretary may not have made "a considered judgment," but rather "abdicate[d] her responsibilities under the bottle bill," and that discovery was necessary to determine why the Secretary has not revised the regulations. In any event, "Where statutory language clearly authorizes actions taken by [the Secretary and] the actions are wholly lawful, . . . we need not look behind them to determine the [Secretary's] motives." *Massachusetts Fedn. of Teachers, AFT, AFL-CIO* v. *Board of Educ.*, 436 Mass. 763, 776-777 (2002) (affirming dismissal pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), of claims that the regulations the Board of Education promulgated exceeded its authority).

not a proper function of a writ of mandamus, since if the act is discretionary there is by definition no official duty to perform it").

In addition to their claim that it is in the public interest to regulate more closely the activities of TOMRA, a decision we conclude is best left to the discretion of the Secretary, the plaintiffs also assert that they have no alternative remedy to settle their private disputes with TOMRA or to enforce their own "rights" under the bottle bill. As we have noted before, however, it is up to the Attorney General, not individuals such as redemption centers, to prosecute alleged violations of the statute. G. L. c. 94, § 327. See *All Brands Container Recovery, Inc.* v. *Merrimack Valley Distrib. Co.*, 54 Mass. App. Ct. 297 (2002).[6] See also *Commonwealth* v. *Mass. CRINC*, 392 Mass. 79 (1984) (Attorney General obtained, in part, injunctive relief he sought in a civil action against distributors under the State antitrust law and the bottle bill).

Further, while increased costs may arguably prove challenging to redemption centers, discretion remains with the Secretary, not the courts, to decide whether competition from TOMRA (or other companies) might adversely affect the implementation of the bottle bill as the Legislature intended.[7] The motion judge was thus correct in declining to compel the Secretary to act in these circumstances. See *Lutheran Serv. Assn. of New England, Inc.* v. *Metropolitan Dist. Commn.*, 397 Mass. at 344.

*Judgment affirmed.*

---

[6]*All Brands Container Recovery, Inc.* v. *Merrimack Valley Distrib. Co.*, 54 Mass. App. Ct. at 301-302 n.3, does not suggest, as the plaintiffs here argue, that the plaintiffs are entitled to a mandamus action against the Secretary. In that case, we merely noted that in certain circumstances, which we conclude are not present here, a mandamus ordering a public official to act may constitute a proper form of relief.

[7]Given that it is claimed there are as many as eleven relevant bills pending before the Legislature, including one to abolish the statutory scheme in its entirety, mandamus is particularly inappropriate.